| | |
|---|---|
| JOHN DOE, JANE DOE, and JACK DOE,<br><br>Plaintiffs,<br>v.<br><br>UNLOCK HEALTH, INC., MEDICOM DIGITAL, INC. d/b/a MEDICOM HEALTH INTERACTIVE and MEDICOM HEALTH,<br><br>Defendants. | Case No. 3:26-cv-00289<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED**<br><br>District Judge Waverly D. Crenshaw, Jr.<br><br>Magistrate Judge Barbara D. Holmes |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO PROCEED PSEUDONYMOUSLY**

Plaintiffs John Doe, Jane Doe, and Jack Doe respectfully submit this Memorandum in Support of their Motion to Proceed Pseudonymously. For the reasons set forth below, Plaintiffs' privacy interests substantially outweigh the presumption of open judicial proceedings, and the Court should permit them to proceed under pseudonyms.

## I. FACTUAL BACKGROUND

This putative class action arises from the alleged unauthorized disclosure of Plaintiffs' protected health information and confidential medical communications to Google through tracking technologies embedded in online Health Risk Assessment forms provided by Defendants Unlock Health, Inc., Medicom Health Digital, Inc. d/b/a Medicom Health Interactive, and Medicom Health.

As alleged in the Complaint, Defendants provide online Health Risk Assessments in conjunction with hospitals and healthcare systems throughout the country. These forms concern some of the most sensitive and private medical subjects imaginable, including anxiety, depression, substance abuse, heart health, stroke, lung cancer, bladder control, and other medical conditions.

Patients are encouraged to submit detailed medical histories and contact information through these forms, after which they receive health "risk" scores characterizing their condition or likelihood of illness.

Plaintiffs allege that, without their knowledge, authorization, or consent, Defendants disclosed their names, email addresses, details concerning the specific health-risk-assessment forms they completed, and their resulting health risk scores to Google through tracking technologies deployed on those forms. Plaintiff John Doe alleges that Defendants disclosed his information in connection with a Heart Health Risk Assessment form. Plaintiff Jane Doe alleges that Defendants disclosed her information in connection with a Heart Disease Risk Assessment form. Plaintiff Jack Doe alleges that Defendants disclosed his information in connection with a Diabetes Health Risk Assessment form, along with cookies linking his protected health information to his Google user account.

Thus, the subject matter of this action is not merely commercial or technical. At its core, this case concerns the alleged disclosure of confidential health information that federal and state law recognize as deeply private and worthy of protection. Publicly revealing Plaintiffs' identities in connection with the specific health-related assessments and medical risk information at issue would compound the alleged harm and attach Plaintiffs' names permanently to sensitive medical matters in the public record.

Plaintiffs therefore seek leave to proceed pseudonymously so that they may vindicate their rights without suffering further and unnecessary invasion of their privacy.

## II. LEGAL STANDARD

Ordinarily, a complaint filed in federal court must name all parties. *See* Fed. R. Civ. P. 10(a). In certain circumstances, however, courts "may excuse plaintiffs from identifying

themselves" where "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The Sixth Circuit has identified a non-exhaustive list of factors courts may consider, including: "(1) whether the plaintiff is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff is a child." *Id.*

It is also relevant to consider whether "the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). In addition, courts in this Circuit consider "(1) whether the defendants will be prejudiced if the plaintiff proceeds under a pseudonym; (2) whether the plaintiff's fear of harm or retaliation is reasonable; (3) the severity of any such potential harm or retaliation; and (4) the public interest in guaranteeing open access to judicial proceedings without denying litigants access to the justice system." *Doe v. Whitmer*, No. 1:19-CV-422, 2019 WL 4645686, at *2 (W.D. Mich. July 1, 2019), report and recommendation adopted, No. 1:19-CV-422, 2019 WL 4643706 (W.D. Mich. Sept. 24, 2019).

Courts have also recognized that pseudonymity may be appropriate in cases involving highly sensitive and personal subject matter. *See Doe v. Mich. State Univ.*, No. 1:19-CV-226, 2019 WL 13417783, at *1 (W.D. Mich. Aug. 14, 2019).

### III.    ARGUMENT

**A.    This litigation will require disclosure of information of the utmost intimacy.**

A plaintiff may proceed under a pseudonym where the plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. One of the factors the Sixth

Circuit identified is "whether prosecution of the suit will compel the plaintiff to disclose information 'of the utmost intimacy.'" *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

That is the circumstance here. This case concerns the alleged disclosure of Plaintiffs' Protected Health Information, confidential medical communications, and individualized health-risk-assessment results. As alleged in the Complaint, Defendants disclosed Plaintiffs' names, email addresses, details regarding the specific Health Risk Assessment forms they completed, and their resulting health risk scores to Google without their knowledge or consent. If Plaintiffs are required to litigate this action under their true names, the public record will directly associate each Plaintiff with the sensitive health information at issue in this case.

Courts have also recognized that pseudonymity may be appropriate in cases involving highly sensitive and personal subject matter. *See Doe v. Mich. State Univ.*, No. 1:19-CV-226, 2019 WL 13417783, at *1 (W.D. Mich. Aug. 14, 2019). That reasoning applies here.

**B. Requiring Plaintiffs to proceed in their real names would exacerbate the very injury alleged in the Complaint.**

Plaintiffs allege that Defendants unlawfully disclosed their private health information and related identifying information to third parties for marketing and advertising purposes. If Plaintiffs are required to proceed under their true names, the public docket will create another disclosure of that same private information by linking each Plaintiff's identity to the sensitive health information at issue in this case.

That harm is not hypothetical. Once placed on the public record, Plaintiffs' names and the sensitive health information associated with them may be searched, indexed, copied, and further disseminated. Plaintiffs should not be forced to increase the scope of the alleged privacy violation in order to seek relief for it.

This concern is especially significant in a putative class action involving alleged disclosure of sensitive health information. Public identification of the named Plaintiffs may deter similarly situated individuals from participating in this action or pursuing similar claims where doing so would publicly associate them with confidential health information and individualized health assessments.

**C.  Defendants will not be unfairly prejudiced if Plaintiffs proceed under pseudonyms.**

Allowing Plaintiffs to proceed under pseudonyms will not unfairly prejudice Defendants. The Sixth Circuit has recognized that it is relevant to consider "whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). That concern is not present here.

Plaintiffs' identities may be disclosed to Defendants under appropriate confidentiality protections to the extent necessary for investigation, discovery, or case administration. Pseudonymity in public filings does not deprive Defendants of the ability to evaluate standing, test the factual allegations, or prepare a defense. Nor do the principal issues in this case depend on public disclosure of Plaintiffs' names. The core questions concern Defendants' use of tracking technologies on Health Risk Assessment forms, the nature of the information transmitted, and whether that conduct unlawfully disclosed protected health information. Defendants can litigate those issues without unfair disadvantage.

The public also retains access to the substance of these proceedings. As the Tennessee federal template states, the record will not impede "public scrutiny of this case's operative issues." *Doe #1 v. Deja Vu Consulting Inc.*, No. 3:17-CV-00040, 2017 WL 3837730, at *5 (M.D. Tenn.

Sept. 1, 2017). Plaintiffs seek to protect only their identities, not to shield the allegations, claims, or rulings from public view.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order permitting them to proceed under the pseudonyms John Doe, Jane Doe, and Jack Doe in all pleadings and papers filed in this action.

Dated: April 27, 2026

Respectfully submitted,

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch (TN BPR 23045)
Grayson Wells (TN BPR 039658)
**STRANCH, JENNINGS, & GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
gstrach@strachlaw.com

Foster C. Johnson*
Joseph Ahmad*
Mark Holden*
**AHMAD, ZAVITSANOS, & MENSING, PLLC**
1221 McKinney Street, Suite 3460
Houston TX 77010
(713) 655-1101
fjohnson@azalaw.com
ahmad@azalaw.com
mholden@azalaw.com

Lynn A. Toops*
**COHEN & MALAD, LLP**
One Indiana Square, #1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
ltoops@cohenandmalad.com

***Pro hac vice forthcoming***

***Counsel for Plaintiffs and the Proposed Class***

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April, 2026, the foregoing document was filed with the Clerk of the Court, through the Court's CM/ECF system, which will send notification to all counsel of record.

/s/ J. Gerard Stranch, IV
J. Gerard Stranch (TN BPR 23045)

7