# UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE (NASHVILLE)

JOHN DOE, et al., individually and on behalf of all others similarly situated,

*Plaintiffs,*

v.

UNLOCK HEALTH, INC. MEDICOM DIGITAL, INC. d/b/a MEDICOM HEALTH INTERACTIVE and MEDICOM HEALTH,

*Defendants.*

Case No. 3:26-cv-00289

Judge Waverly D. Crenshaw, Jr.
Magistrate Barbara D. Holmes

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO PROCEED PSEUDONYMOUSLY

Defendants Unlock Health, Inc., Medicom Digital Inc. d/b/a Medicom Health Interactive and Medicom Health (collectively, "Defendants") respectfully submit this Opposition to Plaintiffs' Memorandum in Support of Motion to Proceed Pseudonymously ("Plaintiffs' Motion" or "Mot."). For the reasons set forth below, Defendants respectfully request the Court deny Plaintiff's Motion.

### I. INTRODUCTION

Plaintiffs bring a putative class action alleging tracking technologies embedded in online Health Risk Assessment ("HRA") forms resulted in the disclosure of certain information to Google. Plaintiffs allege the information disclosed included their names, email addresses, details concerning the specific health-risk assessment forms they completed, and their resulting health scores. Mot. at 2. As such, Plaintiffs have moved to proceed under pseudonyms because the alleged disclosed information is 'of the utmost intimacy.' However, this characterization is a significant embellishment intended to circumvent the heavy presumption in favor of open judicial proceedings through the use of hyperbole rather than fact.

Each named Plaintiff ties their respective disclosure to a general category assessment, not to a diagnosis or treatment records. Plaintiff John Doe alleges disclosure in connections with a Heart Health Risk Assessment. *Id.* Plaintiff Jane Doe alleges disclosure in connection with a Heart Disease Risk Assessment. *Id.* Plaintiff Jack Doe alleges disclosure in connection with a Diabetes Health Risk Assessment and cookies linking information to his Google user account. *Id.*

Plaintiffs contend the case concerns sensitive health information and argue that public identification would associate them with medical risk information. Plaintiffs assert that revealing their identities would attach their names to the assessments and risk scores would "compound the alleged harm." *Id.* at 2, 4. Further, Plaintiffs seek to proceed pseudonymously and maintain that Defendants would not be prejudiced because identities could be disclosed confidentially for discovery and case administration. Plaintiffs also assert that public identification could deter putative class members from participating, and that naming the representatives would deter similarly situated individuals from joining. *Id.* at 5.

The thrust of Plaintiffs' motion is their characterization of the information at issue as "protected health information" and "confidential medical communications," yet their allegations concern the completion of generalized online risk assessments and the transmission of metadata identifying which assessment was completed and a resulting risk score. Moreover, Plaintiffs' own description of the alleged disclosures does not identify any specific diagnosis, treatment records provider communications or stigmatizing medical details beyond association with broad consumer-facing assessment tools and non-diagnostic "risk" outputs. *Id.* at 4. For these reasons, Plaintiffs have not shown the limited information at issue is intimate or highly sensitive, and maintaining pseudonyms would unfairly prejudice Defendants' ability to defend this putative class

action. Plaintiffs' motion thus fails to meet their heavy burden to overcome the baseline requirement that parties identify themselves in open court.

## II. ARGUMENT

Court proceedings are public. Litigants carry "heavy burden[s]" of avoiding the basic requirement that they identify themselves. *Doe v. Warren County*, Ohio, No. 1:12-cv-789, 2013 WL 684423 (S.D. Ohio 2013). Courts start with a strong presumption in the openness of court proceedings and the premise that proceeding anonymously is the exception and not the rule. *Id.* (citing *Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004)); *Doe v. Carson*, Nos. 19-1566/19-1714, 2020 WL 2611189, at *2 (6th Cir. 2020) ("It is the exceptional case in which a plaintiff may proceed under a fictitious name."). Attempts to proceed anonymously run contrary to Fed. R. Civ. P. 10(a), which requires parties to state their names on a complaint and Fed. R. Civ. P. 17(a), which requires that actions be brought in the name of the real party in interest. *Jane Doe No. 1 v. Unified Sch. Dist. No. 311*, No. 11-1351-KHV, 2013 WL 1624823 (D. Kan. Apr. 15, 2013). Moreover, the use of pseudonyms "runs afoul of the public's common law right to access to judicial proceedings . . . a right that is supported by the First Amendment." *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (internal citation omitted).

Exceptions to this well-established rule are limited to exceptional circumstances. In order to avoid the public's right of access to judicial proceedings, parties must show that their need for anonymity substantially outweighs the presumption that litigants are publicly identified and the risk of unfairness to other parties. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In order to determine whether extremely limited circumstances exist which might justify a party proceeding anonymously, courts consider: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose

information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children."[1] *Id.* "Most of the cases which have permitted the practice involved abortion, birth control and welfare prosecutions involving abandoned or illegitimate children." *Doe v. The University of Akron*, No. 5:15-cv-2309, 2016 WL 4520512 (N.D. Ohio Feb. 3, 2016) (quoting *Jane Doe. No. 1 v. Unified Sch. Dist.*, No. 331, No. 11-1351-KHV, 2013 WL 1624823 (D. Kan. Apr. 15, 2013)). As discussed further below, weighing the relevant *Porter* factors along with the prejudice Defendants will face if Plaintiffs are allowed to proceed pseudonymously weigh in favor of denying Plaintiffs' Motion.

### A. The Governmental Activity and Utmost Intimacy Factors Weigh in Favor of Denying Plaintiffs' Motion.

Plaintiffs' information does not challenge governmental activity nor is it of the "utmost intimacy." With respect to the first prong, a party challenges governmental activity if it seeks to challenge governmental/agency actions, policies, regulations, or "to have a law or regulation declared invalid." *See Doe v. Sumner County Board of Education*, No. 3:23-cv-00498, 2025 WL 3896598 (M.D. Tenn. June 2, 2025) (granting motion to proceed as pseudonym in an instance of sexual assault in which the plaintiffs alleged the board of education, a governmental entity, violated Title IX of the Education Amendments of 1982 and 42 U.S.C. §1983). Tellingly, all the authority cited in the body of Plaintiffs' argument have satisfied this element. *See Doe v. Mich. State. Univ.*, No. 1:19-cv-226, 2019 WL 13417783 (W.D. Mich. Aug. 14, 2019) (finding "challenged governmental activity" where the plaintiff alleged the defendants violated his due

---

[1] With respect to factors three and four: (3) Plaintiffs are not risking criminal prosecution in this lawsuit and (4) none of the Plaintiffs have alleged they are children are minors. *See* Complaint at ¶¶ 21-23.

process by suspending the plaintiff based on sexual assault allegations); *Doe v. Whitmer*, No. 1:19-cv-422, 2019 WL 4645686 (W.D. Mich. July 1, 2019) ("Plaintiff is challenging governmental activity, specifically the alleged refusal by the State of Michigan to discontinue enforcing portions of the Michigan Sex Offender Registration Act…"); *Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630 (6th Cir. 2005) (plaintiffs challenged governmental activity by claiming "Ohio election laws violated the First Amendment and *Buckley*").

Here, Plaintiffs are neither challenging the constitutionality of a particular statute nor the conduct of a governmental entity; they are challenging the conduct of a private company regarding its use of tracking technologies in online health assessment. This falls squarely outside the first *Porter* factor.

### 1. Plaintiffs' information is not of the 'utmost intimacy' and requiring them to proceed with their real names would not exacerbate injury.

With respect to Plaintiffs' interest in prohibiting the disclosure of information 'of the utmost intimacy,' Plaintiffs argue their names, email addresses, details regarding forms they completed and their resulting health risk scores to Google without their knowledge or consent constitute as highly sensitive and personal subject matter. Motion at 4. With respect to Plaintiffs' interest in maintaining the privacy of their information, that "confidential information can be protected through a standard protective order, and plaintiff[s] need not proceed under a pseudonym to do so." *Doe v. The University of Akron*, No. 5:15-cv-2309, 2016 WL 4520512 (N.D. Oh. Feb. 3, 2016) (noting ADHD, anxiety, depression, bronchitis, back pain, concussion and gastrointestinal pain do not rise to the level of 'utmost intimacy'). Additionally, none of the medical conditions identified in Plaintiffs' complaint involve matters of the "utmost intimacy." *See G.E.G. v. Shinseki*, No. 1:10-cv01124, 2012 WL 381589 at 2 (W.D. Mich. Feb. 6, 2012) (matters of a sensitive and highly personal nature include birth control, abortion, homosexuality, or the welfare rights of illegitimate

children and abandoned families); *Doe v. Franklin Cnty., Ohio,* No. 2:13-cv-00503, 2013 WL 5311466, at *2-3 (S.D. Ohio Sept. 20, 2013) (generalized fear of harassment and ridicule if homosexuality is revealed is insufficient to rebut presumption that litigants should proceed under their real names); *see also Doe v. Mich. Dep't of Corr.*, No 13-14356, 2014 WL 2207136, at *10 (E.D. Mich. May 28, 2014) (sexual harassment and sexual abuse are "clearly" matters of the utmost intimacy").

Here, the information at issue does not constitute "utmost intimacy." Plaintiffs participated in general risk assessments that address common health conditions such as heart health and diabetes risk. Complaint at ¶¶ 22-23. These assessments provide generalized risk scores rather than revealing specific diagnoses, treatment histories, private medical communications, or other deeply personal medical details. For instance, the complaint repeatedly characterizes the HRAs as marketing tools aimed at patient acquisition, with data used for "service-line growth," "brand loyalty," "conversion rates" and "appointment outcomes"—all of which reflect commercial engagement metrics rather than detailed medical records or physician notes. Complaint at ¶¶ 37, 50, 174 and 187. Further, the pleaded transmissions prominently feature IP addresses, cookies, device identifiers, user-agent/browser configurations, URLs, timestamps, page progress, and button clicks rather than inherently intimate medical details. *Id.* at ¶ 76-7, 97. The Complaint's own allegations confirm the challenged disclosures concern marketing-oriented, web analytics signals and generalized engagement content—all of which falls short of being information that is of the "utmost intimacy."

Moreover, Plaintiffs' argument that proceeding under their real names exacerbates their injuries is meritless. Mot. at 4-5. The nature of the information disclosed information (generalized engagement content) does not justify the need for anonymity, as it lacks the sensitivity required to

warrant such protection. For the same reason, the concern about deterring participation is unfounded because the information disclosed is generalized and not intimate. Mot. at 5. Protective measures, such as standard protective orders, can adequately safeguard any truly sensitive details without necessitating anonymity. Therefore, public identification does not pose a significant risk to participating in this lawsuit.

### B. Defendants Would Be Unfairly Prejudiced if Plaintiffs Proceed Under Pseudonyms.

Allowing Plaintiffs to proceed under pseudonyms would materially and unfairly prejudice Defendants. Public anonymity hampers Defendants' ability to investigate threshold issues, such as the specifics of each plaintiff's interactions with the assessments. *Doe v. Webster County*, No. 4:21-cv-00093-JHM, 2022 WL 124678, (W.D. Ky. Jan. 12, 2022) (denying plaintiffs' motion to proceed pseudonymously where doing so would "unnecessarily complicate[] the litigation." Transparency is essential for evaluating credibility, standing, typicality, and adequacy in this putative class action. "Defendants are prejudiced when required to defend themselves publicly before a jury while plaintiffs make accusations from behind a cloak of anonymity." *Ramsbottom v. Ashton*, No. 3:21-CV-00272, 2021 WL 2651188, at *8 (M.D. Tenn. June 28, 2021).

Anonymity is not warranted here because the data provided—including web analytics and risk scores—is not sensitive enough to meet the threshold for protection. Preserving pseudonyms would skew the playing field, impede a fair defense, and limit Defendants' ability to comprehensively address the allegations. Thus, "[f]airness requires that [the Plaintiffs'] be prepared to stand behind [their] charges publicly." *Ramsbottom, supra,* at *7.

# III. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion because their privacy interests do not substantially outweigh the presumption in favor of open judicial proceedings.

Dated: Knoxville, Tennessee
May 11, 2026

**WOOD, SMITH, HENNING & BERMAN, LLP**

By: /s/ Christopher J. Seusing
Christopher J. Seusing, Esq. (Admitted *Pro Hac Vice*)
Sean V. Patel, Esq. (Admitted *Pro Hac Vice*)
William J. Roe, Esq.
800 S. Gay Street, Ste. 700
Knoxville, TN 37929
Tel.:  865-267-8050
Fax.:  865-267-8051
wroe@wshblaw.com
cseusing@wshblaw.com
spatel@wshblaw.com

*Counsel for Defendants Unlock Health, Inc. Medicom Digital, Inc. d/b/a Medicom Health Interactive And Medicom Health*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 11, 2026, a copy of Defendants' Opposition to Plaintiffs' Memorandum in Support of Motion to Proceed Pseudonymously was filed through the Court's CM/ECF system, which will send notification to all counsel of record registered to receive electronic service.

/s/ Christopher J. Seusing
Christopher J. Seusing, Esq.
