# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

JOHN DOE *et al.*                       )

                                         )      **Case No. 3:26-cv-00289**

**v.**                              )      **Judge Crenshaw**

                                         )      **Magistrate Judge Holmes**

**UNLOCK HEALTH, INC.** *et al.*        )

### O R D E R

Pending before the Court is Plaintiffs John Doe, Jane Doe, and Jack Doe's motion to proceed pseudonymously (Docket No. 14), to which Defendants Unlock Health, Inc. and Medicom Health Digital, Inc. responded in opposition (Docket No. 17) and Plaintiffs replied in support (Docket No. 18). For the reasons set forth below, Plaintiffs' motion (Docket No. 14) is **GRANTED**.

### I.      BACKGROUND

On March 11, 2026, Plaintiffs John Doe, Jane Doe, and Jack Doe initiated this class action lawsuit against Defendants Unlock Health, Inc. and Medicom Health Digital, Inc., both of which are health information technology and marketing services companies. (Docket No. 1.) In their complaint, Plaintiffs allege as follows: Defendants offer healthcare patients the opportunity to complete an online "health risk assessment," which is basically a "free health quiz" concerning medical issues such as anxiety, depression, substance abuse, heart health, strokes, lung cancer, and bladder control. (*Id.* at ¶¶ 5, 40.) Plaintiffs completed risk assessments concerning their heart health, heart disease, and diabetes health. (*Id.* at ¶¶ 21–23.) However, Defendants disclosed Plaintiffs' healthcare information to third parties such as Google, Facebook, and Tik Tok without their knowledge or consent. (*Id.* at ¶¶ 47–48.) In addition, Defendants encouraged Plaintiffs and

other patients to "deploy" tracking technologies, such as Google Analytics, when completing their health risk assessments. (*Id.* at ¶ 49.)

Accordingly, Plaintiffs seek to bring claims on behalf of themselves, a nationwide class, and a California-based class. (*Id.* at ¶ 303.) They assert claims against Defendants for violations of federal laws, including the Electronic Communication Privacy Act and the Federal Wiretap Act; violations of California-based laws, including the California Confidentiality of Medical Information Act and California Business and Professional Code; and for invasion of privacy, unjust enrichment, and negligence. (*Id.* at ¶¶ 313–517.)

After filing their complaint, Plaintiffs filed the instant motion to proceed under a pseudonym. (Docket No. 14.) Defendants oppose the motion. (Docket No. 16.)

## II. LEGAL STANDARD AND ANALYSIS

As a rule, actions must be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17(a)(1). Further, a complaint must state the names of the parties. Fed. R. Civ. P. 10(a). "Plaintiffs are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this rule." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (referring to Fed. R. Civ. P. 10(a)). Whether to allow a party to proceed under a pseudonym is within the sound discretion of the court but should be permitted only if the privacy interests of the party seeking anonymity "substantially outweigh" the strong presumption in favor of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

This determination is informed by several, non-exclusive considerations, which are referred to as "*Porter* factors" and include the following:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs

to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* (citing *Doe v. Stengall*, 653 F.2d 180, 185–86 (5th Cir. 1981)). A plaintiff does not have to fulfill every *Porter* factor to be allowed to proceed under a pseudonym, and no one *Porter* factor is dispositive in the outcome of such a decision. *Doe #11 v. Lee*, No. 3:22-cv-00338, 2023 WL 19299996, at *3 (M.D. Tenn. Feb. 10, 2023) (citing *Doe v. Whitmer*, No. 1:19-cv-422, 2019 WL 4645686, at *2 (W.D. Mich. July 1, 2019)).  Rather, the court should balance the factors.  *Doe v. Reynoldsburg City School District Bd. of Educ.*, Civil Action 2:25-cv-138, 2025 WL 1312279, at *1 (S.D. Ohio May 6, 2025) (internal citations omitted).

In arriving at its conclusion, the court must "start from the premise that proceeding pseudonymously is the exception, rather than the rule." *Doe v. Franklin County, Ohio*, No. 2:13-cv-00503, 2013 WL 5311466, at *2 (S.D. Ohio Sept. 20, 2013) (citation omitted). "Other factors that may be considered include whether the plaintiff would risk suffering injury if identified and whether the defendant would be prejudiced by the plaintiff's proceeding anonymously." *Doe v. Fedex Ground Package Sys., Inc.*, Case No. 3:21-cv-00395, 2021 WL 5041286, at *5 (M.D. Tenn. Oct. 29, 2021) (internal citations omitted).

The Court can easily address three *Porter* factors. For the first factor, Plaintiffs are not suing to challenge governmental activity, but rather are suing private entities who have taken private actions. For the third factor, there is no contention that this litigation will compel Plaintiffs to disclose an intention to violate the law. For the fourth factor, there is no dispute that Plaintiffs are not children.

With respect to the second *Porter* factor, whether information is of the utmost intimacy should be "construed narrowly" given the preference for open judicial proceedings. *Kaltenbach v.*

*Hilliard City Schs.*, No. 2:23-CV-187, 2023 WL 3023020, at *1 (S.D. Ohio Apr. 20, 2023).[1] In the Sixth Circuit, information of the utmost intimacy typically includes "matters of a sensitive and highly personal nature, such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *Doe v. UNUM Life Ins. Co., of Am.*, No. 3:22-CV-212-DCLC-DCP, 2022 WL 20686965, at *3 (E.D. Tenn. Sept. 20, 2022) (quoting *G.E.G. v. Shinseki*, No. 1:10-CV-1124, 2012 WL 381589, at *2 (W.D. Mich. Feb. 6, 2012)).

Plaintiffs contend that "[p]ublicly revealing Plaintiffs' identities in connection with the specific health-related assessments and medical risk information at issue would compound the alleged harm and attach Plaintiffs' names permanently to sensitive medical matters in the public record." (Docket No. 15 at 2.) They argue that this litigation will require them to disclose information of the "utmost intimacy," which consists of their protected health information and medical communications, as well as the results of the health risk assessments that they completed. They contend that these disclosures are of particularized, sensitize health information rather than "abstract metadata" or "anonymous web analytics." (Docket No. 18 at 2.)

In response, Defendants argue that Plaintiffs have failed to show that the information at issue is intimate or highly sensitive such that use of pseudonyms is appropriate. (Docket No. 17 at 5.) Defendants contend that the allegations in this lawsuit concern "generalized" online risk assessments and the transmission of metadata, and not "any specific diagnosis, treatment records provider communications or stigmatizing medical details" as Plaintiffs allege. (*Id.* at 2.) They argue that Plaintiffs' names, email addresses, and information from health risk assessment forms

---

[1] The Court recognizes that a sister court in this circuit held that the question of whether information is "of the utmost intimacy" should be strictly construed, turning on the qualification of "utmost." *Kaltenbach v. Hilliard City Schs.*, No. 2:23-CV-187, 2023 WL 3023020, at *1 (S.D. Ohio Apr. 20, 2023). However, this construction is not explicitly imposed by the *Porter* case.

are not highly sensitive and personal because they do not reveal "specific diagnoses, treatment histories, private medical communications, or other deeply personal medical details." (*Id.* at 6.) Rather, Defendants contend that the information at issue in this lawsuit can be protected under a standard protective order.

The Court agrees with Plaintiffs that this litigation certainly involves sensitive and personal information concerning Plaintiffs' health. Whether this information is of the "utmost intimacy" is debatable. *See G.E.G.*, 2012 WL 381589 at *2; *Doe v. Univ. of Akron*, No. 5:15-CV-2309, 2016 WL 4520512, at *3 (N.D. Ohio Feb. 3, 2016) ("[N]one of the medical conditions identified by plaintiff in her complaint—ADHD, anxiety, depression, bronchitis, back pain, concussion, gastrointestinal pain—involve matters of the 'utmost intimacy.'"). On the other hand, Congress acknowledged the importance of the privacy of medical records when it enacted HIPAA in 1996. The United States Department of Health and Human Services has recognized that impermissible disclosure of private health information "may result in identity theft, financial loss, discrimination, stigma, mental anguish, or other serious negative consequences to the reputation, health, or physical safety of the individual or to others identified in the individual's PHI." U.S. DEP'T OF HEALTH & HUMAN SERVS, *Use of Online Tracking Technologies by HIPAA Covered Entities and Business Associates*, https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/hipaa-online-tracking/index.html (last reviewed June 2, 2026).

Moreover, the *Doe* factors are not exclusive considerations. Here, the Court finds that the public interest strongly supports allowing Plaintiffs to proceed under pseudonyms, that Plaintiffs would risk suffering further injury if identified, and that these considerations substantially outweigh the presumption of open judicial proceedings. As observed by another court considering this issue, "[r]equiring plaintiffs who seek to vindicate their privacy rights to publicly link their

names to the information they seek to protect – allegedly sensitive information that has not already been widely disclosed – is against the public interest, as it could dissuade plaintiffs from bringing privacy cases." *In re Meta Pixel Healthcare Litig.*, No. 22-CV-03580-WHO, 2025 WL 807954, at *2 (N.D. Cal. Mar. 12, 2025). The Court agrees with the reasoning of the *Meta Pixel Healthcare* court and other courts that have followed suit. *See e.g. Doe v. Rostker,* 89 F.R.D. 158, 162 (N.D. Cal. 1981) (plaintiffs present compelling reason to proceed pseudonymously "where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity"); *T.S. v. Body Contour Centers, LLC*, No. 2:24-CV-01944-LK, 2025 WL 1866086, at *1 (W.D. Wash. July 7, 2025) (similar); *Doe v. Veradigm, Inc.*, No. 1:25-CV-10147, 2025 WL 2977746, at *2 (N.D. Ill. Oct. 22, 2025) ("But here, the injury litigated against is the same interest Plaintiffs seek to protect through pseudonyms: disclosure of Plaintiffs' PHI."); *Doe v. Purdue Univ.*, 321 F.R.D. 339, 342 (N.D. Ind. 2017) (allowing pseudonyms where injury litigated against would be incurred from disclosing plaintiff's identity).

The Court concurs that, if Plaintiffs were to use their names, their health information could be further disseminated in the same way that Defendants allegedly wrongly disseminated the information, all of which would further exacerbate the injuries they allege in the complaint. Further, the Court finds that Defendants likely will not suffer any prejudice if Plaintiffs are allowed to proceed under a pseudonym because, by their own admission, Plaintiffs would identify themselves to Defendants' counsel. *See Doe v. BlueCross BlueShield of Illinois*, No. 2:25-CV-00608, 2025 WL 1648757, at *3 (S.D. Ohio June 11, 2025) (citing *Citizens for a Strong Ohio*, 123 F. App'x at 636).

In sum, the Court agrees with Plaintiffs that the "principal issues" in this case are not dependent on disclosure of their identities. On balance, and for all the reasons articulated above,

the Court finds that pseudonymity is appropriate here – at least at this stage of the case – and outweighs the countervailing considerations.

Further, the Court finds that Defendants will not be prejudiced if Plaintiffs proceed pseudonymously at this stage of the litigation, including because it is reasonable and appropriate for Plaintiffs to disclose their identities to Defendants "under appropriate confidentiality protections to the extent necessary for investigation, discovery, or case administration." (Docket No. 15 at 5.) Accordingly, the Court will order the parties to work together to draft an agreeable protective order to submit for the Court's review and approval.

### III.    CONCLUSION

Based on the foregoing, Plaintiffs John Doe, Jane Doe, and Jack Doe's motion to proceed pseudonymously (Docket No. 14) is **GRANTED** as provided for herein. The parties must work together to draft a proposed protective order for appropriate confidentiality protections of Plaintiffs' identities, which they may submit for the Court's consideration by filing a motion for entry of protective order with the proposed protective order appended as an exhibit. Plaintiffs must provide their identities to Defendants by no later than three (3) business days after the Court's entry of a protective order.  Further, the Court may revisit the issue of pseudonymity at a later stage of the case, upon appropriate motion.

It is SO ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge

7