# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:                                                )
NOTICE OF                                             )
MAGISTRATE JUDGE HOLMES'                              )
CASE MANAGEMENT PROCEDURES                            )
AND INSTRUCTIONS                                      )

## NOTICE AND ORDER

The following procedures shall govern all civil cases for which Magistrate Judge Barbara D. Holmes is assigned as the Magistrate Judge for case management. These procedures are in addition to the practices and procedures detailed in Judge Holmes' Practice and Procedures Manual found on the Court's website and those detailed in the Notice of Setting of Initial Case Management Conference. These procedures are supplementary to or explanatory of the provisions of Judge Holmes' form Initial Case Management Order (the "ICMO") found on the Court's website. The procedures and instructions are not exhaustive and other procedures or instructions may be discussed during the initial case management conference (the "ICMC").

**Counsel for all parties are required to review these procedures prior to the ICMC. Counsel's electronic signatures on the proposed ICMO constitutes an acknowledgment that counsel have reviewed and are familiar with both these procedures and instructions and with all provisions of the proposed ICMO.** If there are any questions or needed clarifiction about the case management procedures and preferences, counsel should raise those at the ICMC. Following the ICMC, Judge Holmes will presume that counsel understand the case management procedures and preferences and will expect compliance.

**PREPARATION OF ICMO.** Attorneys for all parties must participate in preparation of the joint proposed ICMO. If there are any special discovery or other case management procedures contemplated, those should be discussed and included in the proposed ICMO. If there is a disagreement over the case management schedule or some other provision of the proposed ICMO, counsel cannot submit separate proposed orders; they must separately state their proposals under each section in the same proposed ICMO. **Counsel must utilize the form ICMO found on the Court's website under the link to Magistrate Judge Holmes with designated provisions for the assigned District Judge's cases. Because Judge Holmes' forms include all required procedures of the assigned District Judge, no incorporation of any other form ICMO is necessary.** Additionally, Judge Holmes' forms are updated periodically, and **counsel must therefore use the form ICMO from the website, not a form previously used.** In addition to filing the proposed ICMO, counsel must ensure that a copy is also emailed to the courtroom deputy in Word format on the same date that the proposed ICMO is electronically filed. Carefully read the Notice of Setting of Initial Case Management Conference for additional instructions. The failure of an attorney to participate in the joint preparation of the proposed ICMO may result in any of the sanctions authorized by Fed. R. Civ. P. 16(f) or within the Court's inherent authority to manage

and control its own dockets, including dismissal of the case or entry of judgment against the non-compliant party.

       **ATTENDANCE AT ICMC.**  Although Judge Holmes holds initial case management conferences by telephone, the initial case management conference is a court proceeding for which the attendance of counsel is mandatory. Lead counsel for each party and any local counsel are required to participate, unless otherwise excused. As with any other court hearing, if counsel has a conflict with the scheduled ICMC, they must promptly file a motion to continue. ICMCs are generally set at least 60 days or more in advance. If an attorney waits until the week before the scheduled ICMC to file a motion to continue because of a known conflict, the motion to continue may be denied. Similarly, the conflict of a single attorney when there are multiple attorneys of record may not be a sufficient basis for a continuance of the ICMC. All attorneys who are counsel of record for a party are equally responsible for all aspects of the case, including to participate in the ICMC, if necessary. The attorneys participating in the case management conference are responsible for ensuring that the substance of the matters discussed during the case management conference is conveyed to any co-counsel. Further, if an attorney is unable to participate in the ICMC due to some unexpected circumstance, such as a family or other emergency, the attorney must contact opposing counsel and Judge Holmes' chambers. Failure of an attorney to appear for the ICMC without advance notice to Judge Holmes' chambers and opposing counsel may result in any of the sanctions authorized by Fed. R. Civ. P. 16(f) or within the Court's inherent authority to manage and control its own dockets, including attorney sanctions, dismissal of the case, or entry of judgment against the party whose attorney failed to appear.

       **REVIEW OF INITIAL CASE MANAGEMENT ORDER.**  The docket entry for the entered ICMO will summarize some, but not all, the scheduling deadlines.  Counsel must open the PDF of the initial case management order and review it carefully, especially for any inconsistencies or discrepancies with discussions during the ICMC. It is Judge Holmes' standard practice to alert counsel to any modifications to the final ICMO by including a footnote about the change. When counsel review the docketed ICMO, if there are inconsistencies or discrepancies for which there is no explanatory footnote, counsel may, after conferring to confirm what they expected the ICMO to include, either file a motion for clarification or contact chambers to let one of Judge Holmes' courtroom deputy or staff attorneys know that there is some question about the ICMO, which Judge Holmes will then address either by a clarifying order or by setting another case management or status conference.

       **LOCAL RULE 7.02.**  The parties and their counsel are reminded of the mandatory filing, in applicable cases, of a completed disclosure statement, using the Court's required form. If the party is a limited liability company, limited liability partnership, unincorporated association or entity, or a trust, the disclosure requires additional, specific information as detailed in the instructions for completion of the form. The timing of filing of the applicable form must be in accordance with Fed. R. Civ. P. 7.1 and Local Rule 7.02.

       **RULE 26(a)(1) INITIAL DISCLOSURES.**  Judge Holmes generally requires that initial disclosures exchanged pursuant to Fed. R. Civ. P. 26(a)(1) include copies (not descriptions) of responsive documents and other materials (e.g. photos, videos, etc.).

2

**DISCOVERY AND DISCOVERY DISPUTES.** The following case management preferences and procedures apply to discovery and discovery disputes:

Unless otherwise provided by separate order, written discovery and scheduling of depositions must proceed promptly following the initial case management order. Scheduling of depositions means that the attorneys must promptly determine how many depositions they intend to take in this case and how many days those depositions will require, then set aside a corresponding number of days prior to the discovery cut-off deadline and fill in those dates with specific deponents once those individuals are identified. In other words, the attorneys should not wait to start discussing scheduling depositions until written discovery is fully concluded, which is often late in the discovery period. That delay only increases the likelihood of deposition scheduling conflicts. If the parties move to extend the discovery deadline because of deposition scheduling conflicts and they did not set aside dates for depositions as instructed, they should not presume that the requested extension will automatically be granted. Denial of the requested extension will be with all attendant consequences, including, potentially, not taking depositions or other discovery that cannot be completed prior to the deadline.

Judge Holmes expects all parties and their counsel to cooperate in discovery and to act courteously and professionally in the resolution of any discovery disputes. Judge Holmes may impose appropriate sanctions, including any of those authorized by Fed. R. Civ. P. 16(f) or 37(b)(2)(A), upon a finding of a failure to comply with any discovery or other pretrial order or upon a finding of other discovery misconduct.

Requests for resolution of discovery disputes for which the parties have not complied with the mandatory discovery dispute resolution procedures will not be considered. The only exception is if a party or its attorney has completely failed to participate in efforts at resolution. If a party or its attorney is uncooperative in efforts at dispute resolution, the party attempting to resolve the dispute may file a discovery dispute statement that recites the efforts made to obtain the other party's cooperation. Absent good cause shown, failure to cooperate in attempts at resolution of a discovery dispute may result in sanctions.

The in-person **lead** attorney meeting required before bringing a discovery dispute to Judge Holmes' attention for resolution is mandatory. A video conference or other electronic or telephonic meeting cannot be substituted for the mandatory in-person meeting. In other words, the lead lawyers must be in the same room, at the same time, attempting to resolve the discovery dispute. The in-person meeting is, however, the last required attempt at resolution. Prior to meeting in person, counsel for the parties may exchange emails or other correspondence. They can, and should, also talk directly to each other to attempt resolution of the discovery dispute. If all these efforts and means fail, lead counsel must then meet in person in a final attempt at resolution of the dispute before filing a joint discovery dispute statement and

3

joint motion for a discovery conference and must certify in the joint discovery dispute statement that the mandatory in-person attorney meeting was held.

The page limits for joint discovery dispute statements are strictly enforced. Any pages more than the 3-pages per affected party per issue limit will not be considered. If the same issue applies to more than one contested discovery request or response, that issue must be addressed in 3 pages. If more than 3 pages are submitted, the arguments made by the party exceeding the page limit must demonstrate that the issue is analyzed differently for the different discovery requests or responses.

The parties must make their best legal and factual arguments in the allowed pages. In other words, they should not presume that they will be given an opportunity to file a separate motion to compel or motion for a protective order. Judge Holmes resolves a high percentage of all discovery disputes based on the joint discovery dispute statement, either with or without a discovery conference, but not by permitting the filing of a separate motion to compel or motion for a protective order. Parties who fail to make their factual and legal arguments in the joint discovery statement may well have squandered their only opportunity to present those arguments. Further, parties should not waste their limited allowed pages by arguing why they should win on the underlying merits of the case or with hyperbolic or rhetorical statements of their opinion of the opposing party or parties. Legal arguments must be based on cases involving issues of discoverability, of which there is an abundant universe. Relying on cases involving other issues, such as admissibility of evidence for trial purposes or summary judgment purposes, will not likely be a productive use of the allowed pages.

The preferred format of a joint discovery dispute statement is: (i) first paragraph details the parties' efforts at resolution, including confirmation that the mandatory in-person attorney meeting was held; (ii) followed by a short and plain statement of the first issue and reference to the specific discovery requests and/or responses to which the issue applies; (iii) followed by each party's position with supporting facts and legal authority in three (3) pages or less; and, (iv) the same for each additional issue.

Disputed discovery requests and responses, which Judge Holmes needs to see to resolve the dispute, may be cut and pasted into the joint discovery dispute statement, or, if too lengthy, may be appended as exhibits or filed separately. If the responses include both the discovery request followed by the response, it is unnecessary for the parties to also provide the original, unanswered requests. Any other documents the parties intend for Judge Holmes to review, such as declaration of a records custodian if proportionality is an issue or produced documents, may also be appended as exhibits or filed separately.

**AMENDMENTS OR ADDITIONS OF PARTIES.**  Motions to amend that do not comply with Local Rules 7.01 and 15.01 may be summarily denied.  If, prior to any refiling of a denied motion, the amendment deadline expires, the moving party must, as predicate to seeking leave to amend, move to extend the amendment deadline by a showing of good cause under Fed. R. Civ. P. 16(b)(4) and meet any other applicable standards.  Amendments or addition of parties by written consent under Fed. R. Civ. P. 15(a)(2), that is, stand-alone amended pleadings filed after the time for amendments as a matter of course under Fed. R. Civ. P. 15(a) has expired and without any accompanying motion, must clearly and conspicuously state that the amended pleading is filed by written consent. Failure to include this statement may result in the amended pleading being stricken.

**MODIFICATION OF CASE MANAGEMENT ORDERS.**  Judge Holmes' requirements for motions to modify the case management order are detailed in the form ICMO. These requirements must be taken seriously. Failure to file a timely motion or to otherwise comply with the requirements for a motion to modify the case management schedule may result in summary denial of the motion.  Any motion to extend a case management deadline must, at a minimum, include the specific facts constituting good cause for the requested extension under Fed. R. Civ. P. 16(b)(4). To demonstrate good cause, the moving party must detail the specific steps taken to complete the case management task before the deadline and the reasons why that deadline could not be met. A conclusory statement that the party or parties "diligently attempted to comply with the original deadline" will not suffice. If the motion does not include the specific facts demonstrating good cause, the requested extension may be denied, with all attendant consequences.

**TARGET TRIAL DATES.**  Although Local Rule 16.01(h)(1) requires 90 days between the dispositive motion reply deadline and the target trial date, that is a mandatory minimum interval, not an automatic maximum one. Judge Holmes generally allows for 120 days from the dispositive motion reply deadline to the requested target trial date.  Do not start counting the 120-day interval from the dispositive motion filing deadline, as that does not accommodate responsive briefing of the dispositive motions. Calculation of the 120-day interval begins with the dispositive motion **reply** deadline, which can be any time from 28 days to 42 days after the motion deadline, depending on the briefing schedule.

**MOTIONS.**  Any request for action by the Court must be made via a properly filed motion. This includes, for example, entry of a proposed protective order.  The parties should not simply file the proposed agreed protective order. They must file a joint motion for entry of a protective order with the proposed agreed protective order appended as an exhibit. The parties are cautioned that Judge Holmes may not act on proposed agreed orders or notices that also include requested relief from the Court if filed without an accompanying motion.

It is SO ORDERED.

/s/ *Barbara D. Holmes*
BARBARA D. HOLMES
United States Magistrate Judge

5