Docusign Envelope ID: A0D9958C-73A3-8B43-81FE-C22716C9AD24

**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE (NASHVILLE)**

| | |
|---|---|
| JOHN DOE, et al., individually and on behalf of all others similarly situated, | |
| *Plaintiffs,* | Case No. 3:26-cv-00289 |
| v. | Judge Waverly D. Crenshaw, Jr. Magistrate Barbara D. Holmes |
| UNLOCK HEALTH, INC. MEDICOM DIGITAL, INC. d/b/a MEDICOM HEALTH INTERACTIVE and MEDICOM HEALTH, | |
| *Defendants.* | |

### <u>DECLARATION OF COURTNEY MAUL IN SUPPORT OF DEFENDANTS' MOTION FOR ENTRY OF A PROTECTIVE ORDER</u>

I, Courtney Maul, declare as follows:

1. I am over 18 years of age, and am authorized to make this Declaration on behalf of Defendants Unlock Health, Inc. Medicom Digital, Inc. d/b/a Medicom Health Interactive and Medicom Health (collectively, "Defendants" or "Unlock Health") in further support of Defendants' Motion for Entry of a Protective Order ("Defendants' Motion"). I know the following facts to be true of my knowledge, and if called to testify, I could competently do so.

2. I am currently employed by Unlock Health and my current title is Chief Technology Officer. I have held this position for over 5 years. My responsibilities include day-to-day oversight of Unlock Health's technology development, operations, and compliance.

3. I make this Declaration in support of Defendants' Motion for Entry of a Protective Order.

4. In connection with the discovery sought in this action, responsive materials are likely to include confidential and sensitive information across multiple categories maintained by

1

Unlock Health in confidence. These categories include, without limitation, the list of Unlock Health's clients, specific implementations, tagging strategies, and other commercially sensitive details. Sharing this information could quickly place Unlock Health at a competitive disadvantage by exposing which clients it has worked hard to build trusted, confidential relationships with.

5. Unlock Health's client list and the details of how certain projects were implemented show exactly how it competes in the market. If that information becomes public, competitors could go straight after those clients and use the details to figure out how Unlock Health positions itself.

6. If Plaintiffs' requested information is disclosed—especially if it leads to subpoenas going out to Unlock Health's clients or other third parties—it could cause real and predicable harm to Unlock Health. Contacting non-parties at such an early stage in the litigation could strain important client relationships, create confusion or concern, and increase the risk that clients decide not to renew or take their business elsewhere. That in turn, could mean lost revenue, missed business opportunities and more pressure on pricing.

7. Unlock Health understands there may be situations where third party discovery is necessary, but here, discovery is just beginning. In that context, the risk of damaging client relationships and losing business is not speculative. Unlock Health could also suffer reputational harm, particularly because it operates in a regulated space where trust and confidentiality matter a great deal.

I declare under penalty of perjury under the laws of the State of Tennessee that the foregoing is true and correct.

2

Docusign Envelope ID: A0D9958C-73A3-8B43-81FE-C22716C9AD24

Executed on the 10th day of July, 2026, in Tennessee.

Signed by:

*Courtney Maul*
15DB3475CA59402...

Courtney Maul