# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

JOHN DOE *et al.*       )
            )   **Case No. 3:26-cv-00289**
v.            )   **Judge Crenshaw**
            )   **Magistrate Judge Holmes**
UNLOCK HEALTH, INC. *et al.*    )

## **O R D E R**

Pending before the Court is Defendants Unlock Health, Inc. and Medicom Health Digital, Inc.'s motion for entry of a protective order (Docket No. 32) and motion for in-person oral argument (Docket No. 33), both of which are **DENIED WITHOUT PREJUDICE** for the reasons detailed herein.[1]

In their motion for protective order, Defendants ask the Court to enter a protective order to prohibit Plaintiffs from serving subpoenas on eighteen (18) nonparties, all of which are current or former clients of Defendant Unlock Health, Inc. (Docket No. 32.) Defendants did not provide the Court with copies of these subpoenas. Defendants also ask the Court to set a hearing on the motion for protective order. (Docket No. 33.)

As an initial matter, Defendants failed to comply with Local Rule 37.01. This rule sets forth the requirements for presenting discovery disputes to the Court, which includes filing a "joint discovery dispute statement." Local R. 37.01(b). The undersigned's specific requirements for raising discovery disputes will be further outlined in the initial case management order, though the parties may easily find the undersigned's standard or form initial case management order on the Court's website, which clearly sets forth how discovery disputes may be raised. *See also* Docket

---

[1] The Court recognizes that the time for a response under Local Rule 7.01 has not yet expired. Nevertheless, the Court exercises its discretion to rule on the motion without a response. *See* Local R. 7.01(b).

No. 22. In short, a party may not file a motion for protective order without first filing a joint discovery dispute statement, among other requirements. These requirements were not met here, and the motion for protective order will therefore be denied, but without prejudice to refiling at a later time if the Court allows.

In addition, Defendants filed a motion for protective order with an incorporated memorandum of law, but failed to clearly title the filing as a "MOTION AND MEMORANDUM OF LAW" as required under Local Rule 7.01(a)(2).

Despite the procedural issues with Defendants' motion for protective order, to the extent Plaintiffs have served subpoenas on third parties, the Court finds that such service violates Rule 26 of the Federal Rules of Civil Procedure.[2] Rule 26(d)(1) states that a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). The parties have not yet had an initial case management conference, as it is scheduled to take place on August 20, 2026. (Docket No. 25.) Although the Court is not aware of whether the parties have had a Rule 26(f) planning meeting, there is no evidence before the Court that one has taken place.

There is an exception to the timing requirement set forth in Rule 26(d)(1). Rule 26(d)(2) states that a party may serve a request under Rule 34 prior to the Rule 26(f) meeting, but the recipient of that request under Rule 34 must be a "party" on which the summons and complaint were served. Fed. R. Civ. P. 26(d)(2). This exception does not apply because a subpoena is not a request under Rule 34, but is instead a request under Rule 45. Further, none of these eighteen (18) nonparties is a "party." Accordingly, the subpoenas at issue may not be served prior to the Rule 26(f) planning meeting, which does not appear to have taken place yet. Nevertheless, even if the

---

[2] Unless otherwise stated, all references to rule are to the Federal Rules of Civil Procedure.

Rule 26(f) planning meeting has taken place, the Court finds it appropriate to stay enforcement of the subpoenas until the parties have met and conferred over the scope of the subpoenas and until the Court holds the initial case management conference.

For these reasons, the Court **ORDERS** as follows:

1. Defendants Unlock Health, Inc. and Medicom Health Digital, Inc.'s motion for entry of a protective order (Docket No. 32) and motion for in-person oral argument (Docket No. 33) are **DENIED WITHOUT PREJUDICE**.

2. To the extent Plaintiffs have issued or served subpoenas on any non-parties, enforcement of those subpoenas is **STAYED** until the Court orders otherwise.

3. The parties must meet and confer concerning the scope of the subpoenas that are discussed in Defendants' motion for protective order and any other related issues. Lead counsel for Plaintiffs and Defendants **must meet <u>in person</u> by no later than August 7, 2026** to discuss whether and to what extent the parties can agree to narrow or better define the scope of the requests set forth in the subpoenas.

4. As detailed in prior orders, counsel must jointly prepare a proposed initial case management order, which must be filed and separately emailed in Word format to chambers by no later than **three (3) business days** before the initial case management conference set on August 20, 2026.[3]

5. In their proposed initial case management order, the parties must include a section that addresses the scope of the subpoenas at issue in Defendants' motion for protective order. That section must detail the steps that Plaintiffs and Defendants have taken towards resolving the issues

---

[3] As a reminder, counsel must contact chambers to obtain both the dial-in information and email address to which to send the Word formatted proposed initial case management order.

set forth in Defendants' motion for protective order. That section must also set forth either (i) the agreed-upon scope of the subpoenas or (ii) the parties' positions on the scope of the subpoenas.

6.    This order does not affect the rights of any non-party in this litigation that has been served with or will be served with a subpoena to seek relief from this Court or other appropriate tribunal concerning the propriety or the scope of the subpoena.

7.    Plaintiffs must provide a copy of this order to all of the non-parties that Plaintiffs have notified about or served with the subpoenas at issue in Defendants' motion for protective order.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

4