**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

JOHN DOE, JANE DOE, and JACK DOE,

Plaintiffs,

v.

UNLOCK HEALTH, INC., MEDICOM DIGITAL, INC. d/b/a MEDICOM HEALTH INTERACTIVE and MEDICOM HEALTH,

Defendants.

Case No. 3:26-cv-00289
Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Lynda M. Hill

**REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION AND MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE PUTATIVE CLASS ACTION COMPLAINT, OR IN THE ALTERNATIVE, MOTION TO STRIKE THE PUTATIVE CLASS ALLEGATIONS**

Unlock Health Inc. ("Unlock Health") and Medicom Digital, Inc. d/b/a Medicom Health Interactive and Medicom Health ("Medicom Health", together with Unlock Health, the "Defendants"), by their counsel, respectfully submit this Reply in support of their Motion to Dismiss the Class Action Complaint ("Compl."), or in the Alternative, to Strike the Class Allegations (the “Motion”), and in response to Plaintiffs’ Memorandum in Opposition (the “Opposition” or "Opp.") filed on August 24, 2026.[1]

## I. PRELIMINARY STATEMENT

Plaintiffs' Opposition cannot close the causation gap at the heart of this case. The allegations specific to these three Plaintiffs allege only that Unlock Health "and its client"—the patients’ own healthcare providers (Temecula Valley Hospital, Inova Health, and Ochsner

[1] By submitting this reply brief, Unlock Health denies all of the arguments and allegations contained in Plaintiffs' Opposition, even if not specifically addressed herein.

Health)—jointly "configured and deployed" the tracking technologies on the assessments they completed. Compl. ¶¶ 173, 186, 196. The Complaint nowhere alleges how Unlock Health caused the specific disclosures these Plaintiffs experienced. Plaintiffs' general allegation that Unlock Health "incorporated" analytics tools into "its HRA forms," Compl. ¶ 55, cannot supply the individualized causation these Plaintiffs must plead, and their statutory theories fail as a matter of law regardless of who deployed the code. The Court also lacks personal jurisdiction over Medicom Health.[2] Plaintiffs have abandoned their claim under California's Unfair Competition Law, Opp. at 25 n.3, and the class allegations should in any event be stricken.[3] The Motion should be granted.

## II. ARGUMENT

### A. Plaintiffs Fail to Establish Article III Standing.

Plaintiffs must plead a concrete, particularized injury fairly traceable to Defendants, not a third party. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423, 426 (2021); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). But the allegations specific to these three Plaintiffs attribute the "configured and deployed" conduct to Unlock Health "and its client" jointly, Compl. ¶¶ 173, 186, 196, and ¶ 55's generalized allegation cannot supply the missing traceability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs' contrary authorities (Opp. 4-6) speak to whether disclosure is an injury, not traceability; and Plaintiffs separately lack standing for injunctive relief, now

[2] Medicom Health independently warrants dismissal for lack of personal jurisdiction, because these non-Tennessee Plaintiffs' claims do not arise out of or relate to any Medicom Health contact with Tennessee, and no alter-ego or agency basis is pled to impute its parent's Tennessee contacts. *See Sullivan v. LG Chem, Ltd.*, 79 F.4th 651, 660-61 (6th Cir. 2023); *Global Force Entm't, Inc. v. Anthem Sports & Entm't Corp.*, 385 F. Supp. 3d 576, 583-84 (M.D. Tenn. 2019).

[3] The class allegations should in any event be stricken, because the proposed classes sweep in uninjured members who lack Article III standing and liability turns on member-by-member proof of which entity deployed the code, defeating commonality and predominance. *See TransUnion LLC, supra*, at 431 (2021) (uninjured members); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (commonality); *Randleman v. Fidelity National Title Ins. Co.*, 646 F.3d 347, 353-54 (6th Cir. 2011) (predominance).

knowing of the alleged tracking. *Ramirez v. LasikMD USA, Inc.*, 2026 WL 194855, at *4 (S.D. Cal. Jan. 26, 2026).

### B. Each Cause of Action Independently Fails to State a Claim

#### 1. The Crime-Tort Exception Does Not Apply.

Plaintiffs' crime-tort exception to 18 U.S.C. § 2511(2)(d) (Opp. at 11) requires an interception undertaken *for the purpose* of an independent crime or tort, not "marketing and analytics benefits" Plaintiffs allege. Opp. at 19. On materially identical health-pixel facts, *Martinez v. Mentavi, Inc.*, 2025 WL 3780427, at *3–5 (W.D. Mich. Oct. 9, 2025), dismissed the ECPA claim because the interception's purpose was commercial gain, and the CIPA claim tracks it. The district decisions Plaintiffs invoke are not binding and conflate the exception’s purpose requirement with the incidental result that the interception may also violate HIPAA. Opp. at 11. The interception alleged here was for commercial analytics, not for the purpose of committing an independent crime or tort.

#### 2. The § 638.51 Pen-Register Claim Fails on Plaintiffs' Own Allegations.

A pen register or trap-and-trace device captures "dialing, routing, addressing, or signaling information," "not the contents of a communication," Cal. Penal Code § 638.50(b)-(c), yet Plaintiffs allege the code captured the contents of their communications—so the device is neither. Mot. at 18.

#### 3. The Federal Wiretap Claim Fails for Lack of Any Active Role.

Plaintiffs' own authority forecloses their § 2512 claim. *Luis v. Zang*, 833 F.3d 619, 639 (6th Cir. 2016), permits a § 2520 suit against a § 2512 defendant only where the defendant manufactured, marketed, and sold a wiretapping device—"a necessary prerequisite"—*and* also actively operated it to intercept. Defendants did neither; they are alleged only to have used

Google's freely available analytics tools, and even the "mere selling" of a device does not create liability. *Id.* Absent the requisite device and active operation, § 2520 affords no private right of action for a bare § 2512 violation.

### 4. Plaintiffs' Own Authority Forecloses the CMIA Claim.

A "provider of health care" under Cal. Civ. Code § 56.06 must maintain medical information to make it available to the individual for self-management or treatment, and the statute does not reach "any entity that stores medical information," *J.M. v. Illuminate Educ., Inc.*, 19 Cal. 5th 705, 715, 719, 588 P.3d 611, 616-17, 619 (2026)—which a vendor serving "hospitals and healthcare systems" (Compl. at ¶ 45) is not. *In re Accellion, Inc. Data Breach Litig.*, 713 F. Supp. 3d 623, 643 (N.D. Cal. 2024).

### 5. The Constitutional Privacy Claim (Count VI) Fails.

The constitutional privacy provision supports only injunctive relief, not the damages Plaintiffs seek under Article I, Section 1. Compl. at ¶¶ 428-433); *Cousin v. Sharp Healthcare*, 702 F. Supp. 3d 967, 974 (S.D. Cal. 2023); *Clausing v. San Francisco Unified Sch. Dist.*, 221 Cal. App. 3d 1224, 1238, 271 Cal. Rptr. 72 (Ct. App. 1990). And their injunctive theory fails for the absence of future injury shown above.

### 6. The Willful-Deceit Claim (Count VII) Fails Rule 9(b).

Plaintiffs' willful-deceit claim sounds in fraud and must satisfy Rule 9(b), *Cherkin v. PowerSchool Holdings, Inc.*, 2025 WL 844378, at *4 (N.D. Cal. Mar. 17, 2025), but the Opposition never identifies what Unlock Health—as distinct from the providers—concealed, when, or how. The claim independently fails because the alleged concealment and reliance run to conduct the Complaint attributes to the providers.

### 7. The Unjust-Enrichment Claim Is Legally Deficient.

Unjust enrichment is a restitution theory available only absent an adequate legal remedy, and Plaintiffs' lone conclusory allegation of inadequacy cannot satisfy that requirement where they seek statutory and actual damages on the same facts. Mot. at 20; *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

### 8. The Negligence Claim Fails at Every Element.

The negligence claim fails because the plaintiff-specific allegations do not plausibly attribute the deployment to Unlock Health as distinct from the providers, defeating breach and causation as to Unlock Health. *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 62, 163 Cal. Rptr. 3d 804 (2013). Because Plaintiffs allege no cognizable damages, as "the mere misappropriation of personal information does not establish compensable damages," *Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613, 615 (9th Cir. 2021).

## III. CONCLUSION

For the foregoing reasons and those set forth in the Motion, the Court should dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1), (2), and (6), or in the alternative strike the putative class allegations under Rules 12(f) and 23.

Dated: Knoxville, Tennessee
September 14, 2026

**WOOD, SMITH, HENNING & BERMAN, LLP**

By: */s/ Christopher J. Seusing*
Christopher J. Seusing, Esq. (Admitted Pro Hac Vice)
William J. Roe, Esq.
Alesandra Greco, Esq. (*pro hac vice* forthcoming)
800 S. Gay Street, Ste. 700
Knoxville, TN 37929
Tel.: 865-267-8050
Fax.: 865-267-8051
wroe@wshblaw.com
cseusing@wshblaw.com

*Counsel for Defendants Unlock Health, Inc. Medicom Digital, Inc. d/b/a Medicom Health Interactive And Medicom Health*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2026, a copy of Defendants' REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION AND MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE PUTATIVE CLASS ACTION COMPLAINT, OR IN THE ALTERNATIVE, MOTION TO STRIKE THE PUTATIVE CLASS ALLEGATIONS was filed through the Court's CM/ECF system, which will send notification to all counsel of record registered to receive electronic service.

/s/ *Christopher J. Seusing*
Christopher J. Seusing, Esq.