**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE (NASHVILLE)**

| | |
|---|---|
| JOHN DOE, et al., individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNLOCK HEALTH, INC. MEDICOM DIGITAL, INC. d/b/a MEDICOM HEALTH INTERACTIVE and MEDICOM HEALTH,<br><br>*Defendants.* | Case No. 3:26-cv-00289<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Barbara D. Holmes |

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO STAY, OR ALTERNATIVELY TO BIFURCATE, DISCOVERY**

## I. INTRODUCTION

Plaintiffs' Opposition ("Opp.") confirms the need for a stay. It does not dispute that Unlock Health's Motion to Dismiss challenges Article III standing—a threshold jurisdictional defect no discovery can cure—yet insists discovery proceed anyway. The Court has broad discretion to stay discovery pending a dispositive motion, and should here: Plaintiffs' 21 subpoenas on non-party healthcare clients would inflict irrevocable, front-loaded harm before any claim is tested, compounded by counsel's apparent disregard of this Court's orders regarding the stay of enforcement.

## II. ARGUMENT

### A. Good Cause Supports a Stay Pending the Standing Challenge.

Plaintiffs lead with Local Rule 16.01(g), but that rule sets only a default and does not displace the Court's "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). Unlock Health's Motion to Dismiss raises Article III standing, and "[l]imitations on

pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery." *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003). Because standing is decided on the pleadings, it "should take priority," and a stay is "particularly appropriate" while the challenge is pending. *In re Copper Tubing Litig.*, No. 04-2771 DV, 2006 WL 8434911at *4 (W.D. Tenn. Oct. 3, 2006) ("*Copper*"). Plaintiffs' authorities are inapposite: *Arjmandi* denied a stay only because those defendants had not moved to dismiss for lack of standing and made no factor-by-factor showing—Unlock Health has done both—and neither *Academy of Allergy* nor *Bridgestone* displaces that rule. Opp at 7. Labeling the question "fairly debatable" changes nothing; an unsettled jurisdictional question is a reason to resolve it before, not after, imposing nationwide discovery. *Id.* at 4; *Gettings*, 349 F.3d at 304.

Plaintiffs also mischaracterize the burden as generalized "cost and confidentiality," Opp. at 5, but Rule 26(c) authorizes the Court to limit discovery, for good cause, to prevent undue burden. Fed. R. Civ. P. 26. The Maul Declaration (ECF No. 32-1) makes that particularized showing: the subpoenas would compel disclosure of Unlock Health's confidential client list, client-by-client implementations, and proprietary tagging strategies. *See* Defendants' Motion and Memorandum of Law in Support of Their Motion to Stay, Or Alternatively to Bifurcate Discovery (ECF No. 44) ("Mot. to Stay") at 7-8. A protective order cannot answer that burden—scores of non-party hospitals would be forced to collect, review, and litigate PHI and privilege issues across years of data, burdens that "cannot be unwound if the Motion to Dismiss is granted in whole or in part," and that no confidentiality label can restore. *Id.* That is not the "idle speculation" that defeated the stay in *Burges*. *Burges v. BancorpSouth, Inc.*, *No*. 3:14-1564, 2015 WL 13628132 at *4 (M.D. Tenn. Oct. 26, 2015).

Plaintiffs' spoliation theory is speculative and already addressed: independent preservation duties, the Stipulated Protective Order (ECF No. 41), and the Court's existing stay of enforcement (ECF No. 34) ensure nothing is lost in the interim. Mot. to Stay at 13. Nor are the subpoenas "narrow"—21 subpoenas, roughly 190 pages each, unbounded by any class period, defy that label. Opp. at 6; Mot. to Stay at 7. The balance of the burden of proceeding against the hardship of delay favors a short, defined stay. *Copper*, 2006 WL 8434911 at *5.

**B. Alternatively, the Court Should Bifurcate and Phase Discovery.**

Bifurcation is within the Court's discretion, and Rule 23(c)(1)(A)'s command that certification be decided "at an early practicable time" is best served by phasing, which turns on whether merits and class discovery are intermingled and whether litigation will continue absent certification. *Copper*, 2006 WL 8434911 at *5. Named-plaintiff merits discovery—each Plaintiff's own HRA sessions, and any resulting transmissions—is bounded and drawn from a limited set of custodians. Class wide discovery would expand to client-by-client configurations across thousands of providers and years of change. Mot. to Stay at 10.

Plaintiffs' "flipped the sequence" argument misreads the request: Unlock Health asks that threshold and individual discovery proceed while class-wide and third-party discovery is deferred—exactly what Rule 23 and efficiency favor. *Burges* declined to phase discovery only because the movant's good-cause arguments were "conclusory" and because splitting merits from class discovery risked "unnecessary disputes" over the line between them. *Burge*s, 2015 WL 13628132, at *4. Neither concern is present here: Unlock Health seeks only to let bounded, plaintiff-specific discovery proceed while deferring the premature, disproportionate class-wide and third-party discovery—tracking Rule 23's sequencing rather than inviting merits-versus-class disputes. *See* Mot. to Stay at 11.

### C. Plaintiffs' Disregard of this Court's August 24 Order Staying Enforcement of Their Non-Party Subpoenas Confirms That Discovery Should Be Stayed.

The Court has already told Plaintiffs, twice, that they may not enforce their subpoenas on Unlock Health's non-party clients. In its August 24, 2026 Initial Case Management Order ("CMO"), the Court reiterated at Paragraph H.5 that, "[t]o the extent Plaintiffs have issued or served subpoenas on any non-parties, enforcement of those subpoenas remains STAYED until the Court orders otherwise." CMO (ECF No. 42) ¶ H.5 (emphasis in original). That directive restated the Court's earlier July 13, 2026 Order, which likewise stayed enforcement of Plaintiffs' non-party subpoenas and required Plaintiffs to serve a copy of the order on every non-party they had subpoenaed. ECF No. 34. The stay is unqualified, remains in force, and awaits no further condition; it lifts only when the Court "orders otherwise." CMO (ECF No. 42) ¶ H.5.

Correspondence from counsel for non-party Hoag Memorial Hospital Presbyterian ("Hoag"), establishes that Plaintiffs continued to prosecute their subpoena to Hoag in direct contravention of the stay and this Courts orders. *See* attached as Exhibit A. On August 25, 2026—the day after the Court entered the CMO reiterating the stay—Plaintiffs' counsel, without any mention of the twice-ordered stay, agreed to re-serve the subpoena, and Plaintiffs then re-served an updated subpoena and a draft custodian affidavit on Hoag on August 26, 2026. Ex. A at 3-4. Plaintiffs did so without providing Hoag a copy of either the July 13, 2026 Order or the CMO, and without disclosing that enforcement of the very subpoena they were pressing remained stayed. *Id.* Indeed, Plaintiffs had earlier furnished the July 13 Order only as an untitled, undated attachment, described nowhere in the covering email, while expressly explaining the subpoena and affidavit enclosed alongside it. *Id.* at 3. As Hoag puts it, this "gamesmanship . . . violated the letter and the spirit of not just one, but two, explicit Court orders," and Hoag has refused to produce anything, reserving its right to seek sanctions or contempt. *Id.* at 3-5.

That conduct bears directly on the motion now before the Court. A party that re-serves and presses a subpoena the Court has expressly stayed—while withholding the order from the recipient—cannot be relied upon to observe the ordinary limits of discovery voluntarily. The Court's authority to police such misuse is settled: a court may stay or suspend discovery where its processes are being deployed for improper ends rather than to develop the merits of the case before it. *Int'l Union v. Garner*, 102 F.R.D. 108, 109–10 (M.D. Tenn. 1984). Plaintiffs' willingness to circumvent an express stay is powerful confirmation that broad, front-loaded discovery should not go forward while a potentially dispositive standing challenge remains pending.

Plaintiffs' disregard of the stay is deeply troubling, particularly in light of additional confidentiality concerns. The same Hoag subpoena seeks eleven Bates-numbered documents that Hoag produced as "Protected Material" under a Stipulation and Protective Order in a separate California action—an order Plaintiffs' counsel of record here personally executed—thereby attempting to repurpose another court's confidential discovery to prosecute this case. Ex. A at 4; *see Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). **Viewed together, Plaintiffs' defiance of this Court's stay and their apparent misuse of another court's protected materials reflect a discovery campaign aimed at pressuring Unlock Health and burdening its non-party clients, not at testing the merits of claims that may not survive the pending motion.** Unlock Health respectfully submits that this conduct reinforces the case for a stay, reserves all rights with respect to Plaintiffs' violation of the Court's orders and the California protective order, and requests leave to address the matter further should the Court find it appropriate.

## III. CONCLUSION

For the foregoing reasons, Unlock Health respectfully requests that the Court stay, or in the alternative, phase and bifurcate discovery and award fees and costs as appropriate.

Dated: Knoxville, Tennessee
September 18, 2026

**WOOD, SMITH, HENNING & BERMAN, LLP**

By: *<u>/s/ Christopher J. Seusing</u>*
Christopher J. Seusing, Esq. (Admitted Pro Hac Vice)
William J. Roe, Esq.
Alesandra Greco, Esq. (*pro hac vice* forthcoming)
800 S. Gay Street, Ste. 700
Knoxville, TN 37929
Tel.: 865-267-8050
Fax.: 865-267-8051
wroe@wshblaw.com
cseusing@wshblaw.com
agreco@wshblaw.com

*Counsel for Defendants Unlock Health, Inc. Medicom Digital, Inc. d/b/a Medicom Health Interactive And Medicom Health*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2026, a copy of Defendants' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO STAY, OR ALTERNATIVELY TO BIFURCATE, DISCOVERY was filed through the Court's CM/ECF system, which will send notification to all counsel of record registered to receive electronic service.

/s/ *Christopher J. Seusing*
Christopher J. Seusing, Esq.