# EXHIBIT A

BakerHostetler

Baker & Hostetler LLP

1900 Avenue of the Stars
Suite 2700
Los Angeles, CA 90067-4301

T 310.820.8800
F 310.820.8859
www.bakerlaw.com

Joelle A. Berle
direct dial: 310.979.8452
jberle@bakerlaw.com

September 17, 2026

**VIA E-MAIL**

**[FJOHNSON@AZALAW.COM; HPRICE@AZALAW.COM; GSTRANCH@STRANCHLAW.COM; JROBERTS@STRANCHLAW.COM]**

Foster C. Johnson, Esq.
Hannah Price, Esq.
Ahmad, Zavitsanos & Mensing, PLLC
1221 McKinney, Suite 2500
Houston, Texas 77010

J. Gerard Stranch, IV, Esq.
John Roberts, Esq.
Stranch, Jennings & Garvey, PLLC
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 37203

*Re:* *John Doe, et al. v. Unlock Health, Inc. et al.*
U.S.D.C. M.D. Tenn., Case No. 3:26-cv-00289
**Subpoena to Non-Party Hoag Memorial Hospital Presbyterian**

Dear Counsel,

We write on behalf of non-party Hoag Memorial Hospital Presbyterian ("Hoag") in response to plaintiffs John Doe, Jane Doe, and Jack Doe's (collectively, "Plaintiffs") Subpoena to Produce Documents, *Etc.* to Hoag ("Subpoena") in the above-entitled action ("Action"), originally issued on June 29, 2026 and reissued on August 26, 2026. Addressed below in connection with the Subpoena are **(1)** Hoag's demand for an accounting of relevant facts; **(2)** Plaintiffs' violations of **(a)** the Middle District of Tennessee's ("Court") July 13, 2026 Order on defendants Unlock Health, Inc. *et al.*'s (collectively, "Unlock") Motion for Entry of a Protective Order ("Motion") and August 24, 2026 Initial Case Management Order ("CMO"), **(b)** the Court-ordered stay of Plaintiffs' subpoenas to non-parties in the Action, and **(c)** the Stipulation and Protective Order Governing Confidentiality of Discovery Material ("SPO") entered by the Superior Court of the State of California, County of Orange ("OCSC") in an unrelated putative class action pending in California;[1] and **(3)** Hoag's Objections to the Subpoena. For the reasons set forth below, the Subpoena is improper in its entirety and Hoag will not be making any production of documents in response to the same.

[1] *Jane Doe and Kelly Davis v. Hoag Memorial Hospital Presbyterian*, OCSC Case No. 30-2023-01302765-CU-NP-CXC and related consolidated case *Davis v. Hoag Memorial Hospital Presbyterian*, OCSC Case No. 30-2023-01312941-CU-BT-CXC ("California Action").

1. **Demand for Accounting of Relevant Facts**

As a preliminary matter, Hoag is deeply concerned that Protected Material (as defined in the SPO) produced by Hoag pursuant to the SPO in the California Action may have been intentionally disseminated or used in violation of the SPO, and irreparably to Hoag's detriment. **Accordingly, Hoag demands immediate compliance with the SPO** as set forth in Section 4 below, **and that Plaintiffs' counsel provide CONFIDENTIAL sworn declarations** to the undersigned identifying: **(i)** every person who received any Protected Material, **(ii)** every person who received information derived from Protected Material, **(iii)** the nature of the Protected Material or derived information that was shared, **(iv)** all uses made of the Protected Material or derived information, **(v)** whether and how the Protected Material or derived information was used in developing the Action, including discovery requests, subpoenas, pleadings, motion practice, expert work, or litigation strategy, **(vi)** each and every item of derivative work product and any remaining copies, summaries, analyses, or other materials incorporating Protected Material or information derived from it, **(vii)** any steps taken to comply with the SPO before the Subpoena was issued, and **(viii)** the safeguards and controls that existed to prevent the unauthorized disclosure or use of Protected Material for purposes other than the California Action, together with any corrective actions implemented or anticipated to be implemented following receipt of this correspondence.

To the extent any of Plaintiffs' counsel in the Action have not received any Protected Material or derived information, including but not limited to the Documents (as defined below), in violation of the SPO, Hoag demands that each provide a sworn declaration certifying he/she neither received nor accessed any Protected Material and does not possess, maintain, or control any copies, excerpts, summaries, or information derived therefrom.

The above information is required in order for Hoag to thoroughly evaluate the extent of irreparable harm and damages that may have been caused to it by Plaintiffs' violations of the SPO.

2. **Failure to Timely Notify Hoag of the Court's July 13, 2026 Order (Dkt. 34) and Case Management Order (Dkt. 42)**

On July 9, 2026, Foster Johnson, a partner at the law firm Ahmad, Zavitsanos & Mensing, PLLC ("AZA") emailed attorneys Teresa C. Chow and Dyanne J. Cho at Baker & Hostetler LLP ("Baker"), copying senior attorney Hannah Price at AZA, seeking Baker's acceptance of service of the Subpoena in the Action. Baker is counsel of record for defendant Hoag, and Mr. Johnson is one of several counsel of record for the plaintiffs in the California Action, which was filed in 2023 and is still pending in the OCSC. In his July 9, 2026 email, Mr. Johnson stated that Plaintiffs are seeking through the Subpoena 11 Bates-numbered documents (the "Documents")[2] previously produced by Hoag in the California Action. As Mr. Johnson is well aware, Hoag produced these Documents on a CONFIDENTIAL basis pursuant to the SPO in the California Action. It now appears that, at the very least, Mr. Johnson thereafter impermissibly disclosed the nature and existence of the CONFIDENTIAL Documents. Even more troubling is the likelihood that

[2] On their face, the Subpoena's Requests for Production (the "Requests" and, each, a "Request") are overbroad and extend to materials beyond the Documents.

Protected Material itself (including but not limited to the Documents) has been disseminated and/or used in violation of the SPO.

Hoag understands that, on July 10, 2026, Unlock filed its Motion (Dkt. 32) seeking an order from the Court prohibiting service and enforcement of subpoenas directed to Unlock's non-party clients, protecting Unlock and its clients from financial and reputational harm, and preventing harassment and undue burden on Unlock's clients. The Court's July 13, 2026 Order on Unlock's Motion (Dkt. 34) mandated that "[t]o the extent Plaintiffs have issued or served subpoenas on any non-parties, enforcement of those subpoenas is STAYED until the Court orders otherwise." (Emphasis in original.) In addition, the Court ordered that "Plaintiffs must provide a copy of this order to all of the non-parties that Plaintiffs have notified about or served with the subpoenas at issue in Defendants' motion for protective order." Plaintiffs' counsel failed to timely provide Baker (or Hoag) with a copy of the July 13, 2026 Order despite having issued the Subpoena on June 29, 2026 and notified Baker of the Subpoena on July 9, 2026.

It was not until after Baker advised Mr. Johnson on August 12, 2026 that it would accept service of the Subpoena on behalf of Hoag that Mr. Johnson provided the Order in a manner that was calculated to obfuscate its import. Rather than notify Baker of the Court-ordered stay, Mr. Johnson responded on August 13, 2026 [again copying Ms. Price and adding John Roberts, an associate at the law firm Stranch, Jennings & Garvey, PLLC ("Stranch")], thanking Baker for accepting service, and attaching the Subpoena, a draft custodian affidavit, and the Order as a third attachment with no descriptive title or date. Mr. Johnson reiterated that Plaintiffs are specifically seeking the Documents and expressly explained each of the first two attachments, but made no mention of the surreptitiously attached July 13, 2026 Order staying enforcement of all subpoenas issued and served by Plaintiffs.

On August 25, 2026, as yet unaware of the Court-ordered stay of all subpoenas issued and served by Plaintiffs, Baker notified Mr. Johnson via email that the Subpoena's July 31, 2026 compliance date pre-dated its service on August 13, 2026. Baker stated that should Plaintiffs wish to re-issue the Subpoena with an updated response and objection deadline no earlier than September 18, 2026, it was authorized to accept service of the same. Unbeknownst to Baker, a day prior, on August 24, 2026, the Court issued its CMO (Dkt. 42), which reiterated at paragraph H.5. that "… [t]o the extent Plaintiffs have issued or served subpoenas on any non-parties, enforcement of those subpoenas remains STAYED until the Court orders otherwise." (Emphasis in original.) With no mention whatsoever of the now twice-ordered stay, Mr. Johnson responded, agreeing to serve an updated Subpoena. Later that same day, Ms. Price served an updated Subpoena and draft custodian affidavit, without copies of the July 13, 2026 Order or CMO.

The above-described gamesmanship employed by Plaintiffs against Hoag as a third-party subpoena recipient violated the letter and the spirit of not just one, but two, explicit Court orders.

Accordingly, Hoag objects to the Subpoena on the grounds that it was issued and served, and is being pursued, in violation of the Court's July 13, 2026 Order and CMO. Plaintiffs failed to timely notify Hoag and serve it with a copy of the July 13, 2026 Order upon its issuance. Plaintiffs then continued to obscure the existence and impact of the July 13, 2026 Order in counsel's email

exchange a full month after its issuance by attaching the Order with no descriptive title and intentionally omitting any reference to it. Finally, in emails immediately following the Court's issuance of the CMO, Plaintiffs inexcusably failed to advise Hoag that the Court had for the second time ruled that enforcement (and, arguably, new issuance) of any subpoenas remained stayed.

### 3. Pending Stay on All Non-Party Subpoenas Served Upon Unlock's Clients

As detailed above, it is indisputable that the Court has ordered a stay that remains in place as to all subpoenas issued and served by Plaintiffs on non-parties, including the Subpoena. Hoag's obligations to respond, object, or otherwise challenge the Subpoena are also stayed, without waiver of any of Hoag's rights, remedies, and defenses, all of which are expressly reserved.

### 4. Violation of the SPO in the California Action

As addressed above, Mr. Johnson is counsel of record for the plaintiffs in the California Action. Although Mr. Johnson is already well aware, this correspondence serves as notice pursuant to Section VIII.a.ii. of the SPO that the Documents sought by Plaintiffs were marked "CONFIDENTIAL" and produced as Protected Material by Hoag pursuant to the SPO in the California Action, which SPO Mr. Johnson executed on November 9, 2023, and the OCSC entered on December 4, 2023.

Mr. Johnson received the CONFIDENTIAL Documents in his capacity as counsel for the plaintiffs in the California Action only. The SPO requires that Mr. Johnson shall "limit access to the Protected Material to the extent **reasonably necessary for [the California Action]**." (SPO § VII.a.) Moreover, "Protected Material, information derived from Protected Material, and any other documents or materials reflecting or disclosing Protected Material **may only be used for the purpose of prosecuting, defending, or attempting to resolve the [California Action]**… Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that **access is limited to the persons authorized under this Order**." (*Id.*) Further, the SPO provides that "Protected Material that is designated as 'CONFIDENTIAL' may be disclosed only in accordance with the provisions of this Order and only to … Counsel for the Parties, including In-House Counsel and Outside Counsel of Record and their legal assistants and other staff who are assisting counsel **in connection with the [California Action]**." (Emphasis added.) (SPO § VII.b.i.)

It is indisputable that Mr. Johnson's identification of the CONFIDENTIAL Documents, *at the very least*, by Bates number in emails that include Ms. Price of AZA (who is not counsel in the California Action) and/or Mr. Roberts of Stranch (who is an associate at a law firm that is not counsel of record in the California Action) violates the SPO and is wholly improper. The flagrancy with which Plaintiffs attempt to leverage the Documents for purposes of this Action, which is unrelated to the California Action, flies in the face of the SPO, which expressly directs all signatories to "keep all Protected Material secure," "limit access," and "exercise reasonable care to prevent any disclosure … other than pursuant to the provisions of [the SPO]." (SPO §§ VII.a., IX.a.) What remains in question is whether Mr. Johnson has already shared the Documents

themselves and/or other Protected Material with Ms. Price, Mr. Roberts and/or any other co-counsel of record in the Action (*e.g.*, Cohen & Malad, LLP).

The Documents Plaintiffs seek in response to the Subpoena "continue to be protected by [the SPO]" even if they were "disclosed in contravention of the provisions of this Order (through inadvertence or otherwise)." (SPO § IX.b.) "[D]isclosure will not constitute or be deemed a waiver or forfeiture, in [the California Action] or any other action, of any claim of privilege or work-product protection that the Producing Party would otherwise be entitled to assert with respect to the inadvertently disclosed Privileged Material and its subject matter." (SPO § X.a.) Accordingly, the fact that Mr. Johnson impermissibly disclosed the nature and existence of the Documents, even if only by reference, does not constitute a waiver or forfeiture by Hoag of the protections of the SPO.

Based on the foregoing, Hoag is deeply concerned that the Documents and, potentially, other Protected Material or information derived therefrom, were disclosed to counsel of record for Plaintiffs in the Action, including, but not limited to attorneys at AZA, who are neither counsel of record nor assisting such counsel in the California Action. Hoag therefore demands that Mr. Johnson and all counsel (whether of record or not) for Plaintiffs in the Action immediately comply with section IX.b. of the SPO governing receipt of Protected Materials in contravention of the SPO, in addition to (not in lieu of) providing the detailed sworn accounting set forth in Section 1, above.

Hoag reserves all rights at law and in equity in all jurisdictions, including but not limited the right to seek a protective order relating to the Subpoena following any lifting of the Court's stay of enforcement of the subpoenas issued and served by Plaintiffs upon all non-parties, and the right to seek sanctions and/or contempt for abuse of the discovery process, violation of the SPO, and/or violation of the Court's July 14, 2026 Order and CMO.

## 5. Objections to the Subpoena

### A. Preliminary Statement

1. The objections herein are provided in good faith and based only upon such information and documents that are presently available to and specifically known to Hoag. It is possible that further investigation may supply additional facts, and/or new meaning to known facts, which may lead to additions to, changes in, and variations from the information herein set forth. As a result, the following objections are given without prejudice to Hoag's right to change any and all objections or responses herein as additional facts are ascertained.

2. The information supplied in these objections is based on information assembled by and/or within the knowledge of Hoag's authorized agents and representatives. Therefore, Hoag reserves the right to amend these objections if new or more accurate information becomes available or if errors are discovered.

**B. General Objections**

1. Hoag objects to the Subpoena on the grounds that Plaintiffs have failed to comply with Fed. R. Civ. P. 45(c)(2), which provides that a Subpoena "may command production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." The Subpoena directs compliance to counsel's office in Houston Texas (AHMAD, ZAVITSANOS, & MENSING, PLLC, 1221 McKinney Street, Suite 3460, Houston TX 77010). As Hoag's principal place of business is in Newport Beach, California, it is beyond the 100-mile radius for production.

2. Hoag objects to the Subpoena on the grounds that Plaintiffs failed to timely comply with the Court's July 13, 2026 Order and/or the CMO staying enforcement of subpoenas issued or served by Plaintiffs on non-parties, and obligating Plaintiffs to notify Hoag of the July 13, 2026 Order. A full month after the fact, Plaintiffs further failed to comply with the letter and spirit of the Court's July 13, 2026 Order by obfuscating the inclusion and significance of the Order in their counsel's August 13, 2026 email to Baker. Even after the Court ordered for a second time that enforcement of Plaintiffs' subpoenas remained stayed, Plaintiffs deliberately failed to apprise Hoag of that fact, or of the likelihood that the July 13 Order and/or the CMO prohibited Plaintiffs from re-issuing the Subpoena on August 26, 2026.

3. Hoag objects to the Requests on the grounds and to the extent they seek documents, including but not limited to the Documents, and/or information constituting Protected Material governed by the SPO. Counsel for Plaintiffs violated the terms of the SPO in his request for 11 specifically identified Bates-numbered CONFIDENTIAL Documents produced by Hoag pursuant to the SPO in the California Action, and by exploiting Protected Material and/or information derived from Protected Material in the preparation and issuance of the Subpoena for purposes unrelated to the California Action.

4. Hoag objects to the Requests on the grounds and to the extent that they seek documents and/or information constituting confidential, proprietary, commercially sensitive and/or trade secret information relating to Hoag, Unlock, and/or other third parties.

5. Hoag objects to the Requests on the grounds and to the extent that they seek information protected by any individuals' rights to privacy under the California Constitution, the United States Constitution, or any other applicable law or agreement.

6. Hoag objects to the Requests on the grounds and to the extent that they seek disclosure of documents and/or information protected by the attorney-client privilege, the attorney work-product doctrine, and/or common interest privilege, any other applicable privileges, or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the California Rules of Civil Procedure, the California Rules of Evidence, and/or relevant statutory or case law.

7. Hoag objects to the Requests, and any particular Request that is in any respect duplicative of any other Request, on the grounds that they are overly broad, unduly burdensome and oppressive.

8. Hoag objects to the Requests on the grounds and to the extent that they call for documents in the possession, custody, or control of Unlock or that are obtainable from other sources that are more convenient, less burdensome, or less expensive.

9. Hoag objects to the Requests on the grounds and to the extent that they seek to impose upon Hoag duties and obligations beyond those imposed by the Federal Rules of Civil Procedure, Federal Rules of Evidence, the California Rules of Civil Procedure, the California Rules of Evidence, and/or relevant statutory or case law. Specifically, and without limitation, Hoag objects to the "Definitions" and "Instructions" contained in the Requests to the extent that they alter the scope of discovery or differ from or impose duties or obligations beyond those set forth in the applicable rules or law, any agreement of the parties to the Action relating to the scope of discovery, the SPO, or any other rule or order in the Action or California Action.

10. Hoag objects to each Request on the grounds and to the extent that it assumes the existence of facts that do not exist or the occurrences of events that did not take place. Nothing in Hoag's objections is intended to be or shall be construed as an admission that any factual predicates stated in the Requests are accurate.

11. Hoag objects to the Requests on the grounds and to the extent that they call for information without any limitations as to relevant and reasonable time periods.

12. Hoag objects to the Requests on the grounds and to the extent that any particular Request is overly broad, vague, ambiguous, misleading, subject to differing interpretations or otherwise objectionable under the Federal Rules of Civil Procedure and California Rules of Civil Procedure. Hoag reserves the right to raise additional objections if and when counsel for Plaintiffs clarify the scope, meaning or nature of any Request.

13. Hoag objects to the Requests on the grounds and to the extent that they purport to attribute any special or unusual meaning to any terms or phrases or purport to alter the common meaning of the English language and/or scope of any specific Request on the grounds that such alteration renders the Request vague, ambiguous, overly broad, and unintelligible.

14. Hoag objects to the Definitions contained in the Requests on the grounds that they include numerous terms not used in the Instructions or Requests for Production rendering the Instructions and Requests for Production vague, ambiguous, overly broad, unduly burdensome, cumulative, unintelligible, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and seek information that is neither relevant to any claims or defenses nor proportional to the needs of the Action. There are 15 Definitions, only one of which is used in the Requests, and only six of which are used in the Instructions. Furthermore, the Requests collectively include 35 unique terms and phrases that are not commonly understood or included in the Definitions, rendering each Request entirely vague, ambiguous, and unintelligible.

15. These General Objections are incorporated by reference into each specific objection to the Requests stated below as if fully set forth therein.

**C. Objections to Requests for Production**

**Request for Production No. 1**

Produce DOCUMENTS sufficient to identify all Google Universal Analytics and Google Analytics 4 accounts, properties, views, data streams, tracking IDs, and measurement IDs configured to collect data from or in connection with any Evalia Health, Medicom, or Unlock Health HRA ("Health Risk Assessment").

**Objections to Request for Production No. 1**

Hoag incorporates its Preliminary Statement and General Objections, above, as though stated herein. Hoag objects to the extent this Request is vague, ambiguous, and unintelligible, particularly as to the meaning of the terms and phrases "Google Universal Analytics," "Google Analytics 4 accounts," "properties," "views," "data streams," "tracking IDs," "measurement IDs," "configured to collect," "data," "Evalia Health," "Medicom," and "Unlock Health HRA". In addition, the Request is compound and overbroad and seeks documents and/or information that would not be relevant to any issue, claim or defense in the Action, which renders the Request disproportional for the needs of the Action.

Hoag also objects to this Request on the grounds and to the extent that it seeks information that is not in the possession, custody, or control of Hoag, rendering the Request unduly burdensome, harassing, and oppressive.

In addition, Hoag objects to this Request on the grounds and to the extent that it is unduly burdensome and impermissibly requires Hoag to create a document or documents for the sole purpose of responding to the Request.

**Request for Production No. 2**

Produce all DOCUMENTS sufficient to show the configuration of the Google Universal Analytics and Google Analytics 4 accounts, properties, views, and data streams identified in response to Request No. 1, including, but not limited to, triggers, rules, variables, events, event parameters, user properties, custom dimensions, custom metrics, enhanced measurement settings, and any mappings or other configuration materials sufficient to show what data was collected from or in connection with any Evalia Health, Medicom, or Unlock Health HRA.

**Objections to Request for Production No. 2**

Hoag incorporates its Preliminary Statement and General Objections, above, as though stated herein. Hoag objects to the extent this request is vague, ambiguous, and unintelligible, particularly as to the meaning of the terms and phrases "configuration," "Google Universal Analytics,"

"Google Analytics 4 accounts," "properties," "views," "data streams," "triggers," "rules," "variables," "events," "event parameters," "user properties," "custom dimensions," "custom metrics," "enhanced measurement settings," "mappings," "configuration materials," "data," "collected," "Evalia Health," "Medicom," and "Unlock Health HRA." In addition, the Request is compound and overbroad and seeks documents and/or information that would not be relevant to any issue, claim or defense in this litigation which renders the Request disproportional for the needs of the Action.

Hoag also objects to this Request on the grounds and to the extent that it seeks information that is not in the possession, custody, or control of Hoag, rendering the Request unduly burdensome, harassing, and oppressive.

In addition, Hoag objects to this Request on the grounds and to the extent that it is unduly burdensome and impermissibly requires Hoag to create a document or documents for the sole purpose of responding to the Request.

**Request for Production No. 3**

Produce all data collected by the Google Universal Analytics and Google Analytics 4 accounts, properties, views, and data streams identified in response to Request No. 1 from or in connection with any Evalia Health, Medicom, or Unlock Health HRA , including, but not limited to, pageviews, screenviews, user engagement events, custom events, event parameters, user properties, custom dimensions, custom metrics, and any captured URL values collected from HRA pages or postback URLs containing HRA result details.

**Objections to Request for Production No. 3**

Hoag incorporates its Preliminary Statement and General Objections, above, as though stated herein. Hoag objects to the extent this request is vague, ambiguous, and unintelligible, particularly as to the meaning of the terms and phrases "Google Universal Analytics," "Google Analytics 4 accounts," "properties," "views," "data streams," "pageviews," "screenviews," "user engagement events," "custom events," "event parameters," "user properties," "custom dimensions," "custom metrics," "captured," "URL values," "collected," "HRA pages," "postback URLs," "containing," "HRA result details." In addition, the Request is compound and overbroad and seeks documents and/or information that would not be relevant to any issue, claim or defense in this litigation, which renders the request disproportional for the needs of the Action.

Hoag also objects to this Request on the grounds and to the extent that it seeks information that is not in the possession, custody, or control of Hoag, rendering the Request unduly burdensome, harassing, and oppressive.

In addition, Hoag objects to this Request on the grounds and to the extent that it is unduly burdensome and impermissibly requires Hoag to create a document or documents for the sole purpose of responding to the Request.

### 6. Conclusion

In light of all of the foregoing, Hoag will not be producing any documents, including but not limited to the CONFIDENTIAL Documents previously produced pursuant to the SPO in the California Action, in response to the Subpoena.

Please confirm no later than close of business on **September 24, 2026** that Plaintiffs' counsel will **(1)** provide the sworn accounting of relevant facts demanded in Section 1 above (including, to the extent applicable, counsel's attestations that they have not received any Documents or Protected Material), and **(2)** immediately comply with Section IX.b. of the SPO.

All of Hoag's rights, remedies, and defenses are expressly reserved.

Sincerely,

**BAKER & HOSTETLER LLP**

Joelle A. Berle
Partner

cc: WOOD, SMITH, HENNING & BERMAN, LLP
Christopher J. Seusing, Esq. (via email to cseusing@wshblaw.com)
William J. Roe, Esq. (via email to wroe@wshblaw.com)
Alesandra Greco, Esq. (via email to agreco@wshblaw.com)

Attachment: December 4, 2023 SPO (California Action)

# ATTACHMENT

# ATTACHMENT

21391642


Michael A. Caddell (SBN 249469)
mac@caddellchapman.com
Cynthia B. Chapman (SBN 164471)
cbc@caddellchapman.com
Amy E. Tabor (SBN 297660)
aet@caddellchapman.com
**CADDELL & CHAPMAN**
628 East 9th Street
Houston TX 77007-1722
Tel.: (713) 751-0400
Fax: (713) 751-0906

Foster C. Johnson (SBN 289055)
fjohnson@azalaw.com
Nathan Campbell (*pro hac vice*)
ncampbell@azalaw.com
**AHMAD, ZAVITSANOS, & MENSING, PLLC**
1221 McKinney Street, Suite 2500
Houston TX 77010
Tel: (713) 655-1101
Fax: (713) 655-0062

*Attorneys for Plaintiff* JANE DOE

*[Additional counsel listed on page 2]*


**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

DEC 04 2023

DAVID H. YAMASAKI, Clerk of the Court

BY: D. MIRANDA, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ORANGE**

JANE DOE, individually and on behalf of others similarly situated,

*Plaintiffs*,

*v.*

HOAG MEMORIAL HOSPITAL PRESBYTERIAN,

*Defendant*

Case No. 30-2023-01302765-CU-NP-CXC

*Assigned for all purposes to the Hon. Lon F. Hurwitz*

**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIAL**

**<u>Related and Consolidated Case:</u>**
*Davis v. Hoag Memorial Hospital Presbyterian*
Case No. 30-2023-01312941-CU-BT-CXC




Case 3:26-cv-00289 Document 51-1 Filed 09/18/26 Page 13 of 38 PageID #: 667

L. Timothy Fisher (SBN 191626)
*ltfisher@bursor.com*
**BURSOR & FISHER, P.A.**
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: 925.300.4455
Facsimile: 925.407.2700

Joshua D. Arisohn
*jarisohn@bursor.com*
Philip L. Fraietta
*pfraietta@bursor.com*
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, NY 10019
Telephone: 646.837.7150
Facsimile: 212.989.9163

Christopher R. Reilly
*creilly@bursor.com*
**BURSOR & FISHER, P.A.**
701 Brickell Ave., Suite 1420
Miami, FL 33131-2800
Telephone: 305.330.5512
Facsimile: 305.676.9006

Scott R. Drury (*pro hac vice* pending)
*scott@drurylegal.com*
**DRURY LEGAL, LLC**
6 Carriage Lane
Highwood, Illinois 60040
Telephone: 312.358.8225

*Attorneys for Plaintiff* KELLY DAVIS

TERESA C. CHOW (SBN 237694)
*tchow@bakerlaw.com*
DYANNE J. CHO (SBN 306190)
*dcho@bakerlaw.com*
ALEXANDER VITRUK (SBN 315756)
*avitruk@bakerlaw.com*
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859

*Attorneys for Defendant* HOAG MEMORIAL HOSPITAL PRESBYTERIAN

**IT IS HEREBY STIPULATED AND AGREED**, by and among Plaintiff Jane Doe, Plaintiff Kelly Davis, and Defendant Hoag Memorial Hospital Presbyterian (collectively, the "Parties"), by and through their undersigned counsel, that the Court may enter the following Stipulation and [Proposed] Protective Order Governing Confidentiality of Discovery Material ("Order"):

## I. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in the above-captioned related and consolidated actions (the "Action") may involve the production of confidential, non-public, private, sensitive, and/or proprietary business, employment, tax, financial, personally identifiable information, protected health information, documents and other materials, for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. The Parties therefore agree that the potentially confidential nature of such information establishes good cause for the issuance of this Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties therefore stipulate to and request that the Court enter this Order. The Parties further acknowledge, as set forth in Section VII.f, below, that this Order does not entitle them to file confidential information under seal; California Rules of Court 2.550 and 2.551 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal. The Parties hereby stipulate to and request that the Court enter this Order, including the additional provisions set forth by the Court in the attached **Exhibit B.**

## II. <u>DEFINITIONS</u>

The below terms, as used herein, shall be defined as follows:

a. "Action" shall collectively refer to the related and consolidated cases captioned *Doe v. Hoag Memorial Hospital Presbyterian* ("*Doe*"), Case No. 30-2023-01302765-CU-NP-CXC and *Davis v. Hoag Memorial Hospital Presbyterian*, Case No. 30-2023-01312941-CU-BT-CXC, both filed in the Superior Court for the State of California, County of Orange, with *Doe* as the lead case.

b. "Challenging Party" means the Party or Non-Party that challenges the designation of Discovery Material under this Order.

c. "Confidential Information" shall mean information (regardless of how generated, stored, or maintained) that the Designating Party in good faith believes: (i) contains sensitive personally identifiable information (including an individual's name, address, phone number, email address, date of birth, driver's license or other government identification number), protected health information, trade secrets, or other confidential research, development, commercial, or financial information, the disclosure of which may have the effect of causing harm to any Party, or person from whom the information was obtained, or to the Parties' or third-parties' legitimate privacy interests; or (ii) contains information over which the Designating Party has a duty or obligation to maintain confidentiality.

d. "Counsel" means any Outside Counsel of Record or In-House Counsel (as well as their support staff).

e. "Designating Party" shall mean the Party or Non-Party that designates Discovery Material in this Action as "Confidential" or "Highly Confidential."

f. "Discovery Material" means all documents, items, or other information, regardless of medium in which it is generated, stored, or maintained, that are produced or generated in disclosures or responses to discovery in the Action. Discovery Material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, documents and tangible things produced by a Party or a Non-Party, and responses to requests for admission.

g. "Expert" shall mean any individual with specialized knowledge or expertise in a matter pertinent to the Action who is retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action, is not a past or current employee of a Party or of a Party's competitor, and, at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

h. "Highly Confidential Information" shall mean information (regardless of how generated, stored, or maintained) that the Designating Party in good faith believes: (i) concerns or relates to the highly sensitive personal, confidential, financial, commercial, proprietary,


Case 3:26-cv-00289 Document 51-1 Filed 09/18/26 Page 16 of 38 PageID #: 670

cybersecurity, competitively sensitive, or trade secret information of any Party or Non-Party; or (ii) contains information over which the Designating Party has a duty or obligation to maintain a high level of confidentiality, including for compliance with applicable data privacy laws or regulations, the disclosure of which could result in serious harm that cannot be avoided by less restrictive means than designation as Highly Confidential Information.

i. "In-House Counsel" means any attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of record or any other outside counsel.

j. "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

k. "Outside Counsel of Record" means attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

l. "Personal identifying information" or "PII" includes every data element protected by state or federal law including, but not limited to, name, payment card numbers, financial account numbers, Social Security numbers, addresses, phone numbers, email addresses, driver's license numbers or other state identification numbers, Employer Identification numbers, Tax Identification numbers, passport numbers, or a foreign government equivalent of any of these numbers or identifiers.

m. "Privileged Material" means Discovery Material protected by the attorney-client privilege, the attorney work product doctrine, or other privileges or protections under applicable law.

n. "Protected Health Information" or "PHI" shall have the same definition as the definition of "Protected Health Information" under 45 C.F.R. § 160.103.

o. "Producing Party" shall mean a Party or Non-Party that produces Discovery Material in the Action.

p. "Protected Material" shall refer to any Discovery Material designated as "Confidential" or "Highly Confidential" pursuant to this Order.

q. "Receiving Party" shall mean a Party that receives Discovery Material from a Producing Party in the Action.

r. "Vendors" shall refer to individuals or entities engaged for the purpose of providing litigation support services (e.g., ESI vendors; photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; investigators and consultants; court reporters), as well as their employees, independent contractors, and subcontractors.

## III. SCOPE

The protections conferred by this Order cover not only Protected Material but also (1) any information copied or extracted therefrom, (2) all copies, excerpts, summaries, or compilations thereof, and (2) any testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## IV. DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V. DESIGNATING PROTECTED MATERIAL

a. **Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

b. **Manner and Timing of Designations.** Except as otherwise provided in this Order, all information, documents, and data to be designated as Protected Material must be clearly designated as "Confidential" or "Highly Confidential" prior to any disclosure of same, and such material shall be treated in accordance with the provisions of this Order. Designations shall be made in the following manner:

i. For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion of the material on the page qualifies for designation as Protected Material, that portion shall be clearly designated as Protected Material and the level of protection asserted for each such portion must be specified. Documents produced in native formats will have confidentiality designations indicated in the

production file name or as specified in the Stipulated and [Proposed] Order Regarding Protocol for Production of Documents and Electronically Stored Information ("Stipulated ESI Order") that the Parties have entered into. Should the Parties need to identify which portions of a native document qualify as Protected Material, they will meet and confer to resolve the issue.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

c. For testimony given in a deposition or in other pretrial or trial proceedings, the Designating Party shall either make a statement on the record at the time of the disclosure during the testimony or provided written notice to Counsel within twenty-one (21) days of receiving the final transcript of the proceedings (or in such other time period as the Parties shall mutually agree is appropriate) identifying the page and line number(s) of the testimony to which the "Confidential" or "Highly Confidential" designation applies. All transcripts of any testimony in this Action shall be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until twenty-one (21) days have passed following the receipt of the transcript, or the Parties agree to a different designation.

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

(**Exhibit A** hereto) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

d. For responses to interrogatories, the Designating Party shall (i) state in the response to the interrogatory at issue that the response is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," whichever applies.

e. For Discovery Materials produced in some form other than documentary and for any other tangible items, the Designating Party shall affix the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page or unit of material (or, in the case of native files, to a slip sheet image file with the corresponding Bates number) in a prominent manner and in a manner that specifies only those portions of the information or data disclosed that are subject to the designated protection level, as appropriate.

f. If a Designating Party fails to designate information, documents, or data disclosed as Protected Material at the time of disclosure, that Designating Party shall make all reasonable efforts to timely designate the Protected Material and to identify the specific portion of the information, documents, or data disclosed to be designated as Protected Material and the level of protection to be accorded same. Upon notification, the Receiving Party shall make reasonable efforts to assure that any additional material designated as Protected Material is treated in accordance with the provisions of this Order from that point forward. No Party or Non-Party shall be found to have violated this Order for failing to maintain the confidentiality of Protected Material during a time when that

material has not been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," even where the failure to so designate was inadvertent and where the material is subsequently designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Designation by a Party or Non-Party of information or documents under the terms of this Order, or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

a. **Timing of Challenges.** Any Party of Non-Party may challenge, at any time, the designation of Discovery Material as Protected Material by providing written notice to the Designating Party identifying the Protected Material it challenges, the basis for the challenge, and indicating that the challenge to the confidentiality designation is being made in accordance with this specific section of the Order.

b. **Meet and Confer.** The Parties shall make reasonable efforts to resolve the dispute over the designation of the information, documents, or data as Protected Material by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of the written notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the Protected Material, to reconsider the circumstances, and, if no change in designation is offered, to explain in writing the basis for the chosen designation. The Receiving Party may then seek relief from this Court, though the burden of proving confidentiality of designated information remains with the Designating Party. While any dispute over designation is ongoing, the information, document, or data at issue shall be treated in accordance with the protection level identified by the Designating Party.

c. **Judicial Intervention.** If the challenge cannot be resolved on an informal basis pursuant to Section VI.b above, the Designating Party may file and serve a motion to retain confidentiality under within fourteen (14) days of the initial written notice of challenge or within the Parties' agreeing the meet and confer process will not resolve their dispute, whichever is earlier. The Challenging Party may also file a motion challenging a confidentiality designation at any time

if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision (whether filed by the Designating Party or the Challenging Party) must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by Section VI.b above. Failure by the Designating Party to make such a motion including the required declaration within fourteen (14) days shall automatically waive the confidentiality designation for each challenged designation.

Should a motion be filed by either the Designating Party or the Challenging Party, the motion shall be filed with the Court under seal pursuant to California Rules of Court 2.550 and 2.551. Pending the resolution of any such dispute, the Parties shall continue to treat the materials as Confidential Information or Highly Confidential Information (whichever is applicable).

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

a. The Receiving Party shall keep all Protected Material secure except as permitted below and shall take reasonable efforts to place such documents in a secure area and limit access to the Protected Material to the extent reasonably necessary for this Action. Protected Material, information derived from Protected Material, and any other documents or materials reflecting or disclosing Protected Material may only be used for the purpose of prosecuting, defending, or attempting to resolve the Action, and the Protected Material may only be disclosed in the manner and under the conditions described in this Order to the categories of recipients identified below. Until the Action is concluded, all Protected Material must be maintained and stored consistent with its designation. When the Action has been terminated, a Receiving Party must comply with the


Case 3:26-cv-00289 Document 51-1 Filed 09/18/26 Page 23 of 38 PageID #: 677

provisions of Section XI below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

b. Protected Material that is designated as "CONFIDENTIAL" may be disclosed only in accordance with the provisions of this Order and only to:

i. Counsel for the Parties, including In-House Counsel and Outside Counsel of Record and their legal assistants and other staff who are assisting counsel in connection with the Action. All such staff shall be subject to the provisions of this Order.

ii. Expert(s), including necessary staff who are assisting the Expert in connection with the Action, retained by a Party or its Counsel in connection with this Action to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as **Exhibit A**.

iii. Each Party's insurer (if any) and its staff who have responsibility for the insurer's obligations in connection with the Action. All such staff shall be subject to the provisions of this Order.

iv. The Court and its personnel, as appropriate.

v. A mediator or settlement officer jointly retained by the Parties and the mediator's or settlement officer's personnel.

vi. Professional jury or trial consultants, mock jurors, and Vendors employed in connection with this Action to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as **Exhibit A**.

vii. Each Party and its employees, officers, directors, representatives, members, and affiliates, including management personnel, to whom disclosure is reasonably necessary to assist the Party in this Action, all of whom shall be subject to the Provisions of this Order.


Case 3:26-cv-00289 Document 51-1 Filed 09/18/26 Page 24 of 38 PageID #: 678

viii. The author of any document, the source of any information or data designated as Protected Material, or any person identified in the Discovery Material designated as "CONFIDENTIAL" that is reasonably and in good faith believed likely to have knowledge of the subject matter of the Discovery Material designated as "CONFDIENTIAL."

ix. Witnesses providing testimony (and their Counsel) in a deposition, hearing, trial, or other proceeding where the Receiving Party deems in good faith that it is reasonably necessary for the witness to review the Protected Material in preparation and/or to provide testimony regarding the Protected Material. Any witness who is not otherwise subject to the terms of this Order shall be required to sign the "Acknowledgment and Agreement to Be Bound" attached as **Exhibit A** hereto.

x. Such other persons that the Parties mutually agree or the Court orders may be shown the Protected Material and to whom disclosure is reasonably necessary for this Action. All such persons shall be required to sign the "Acknowledgment and Agreement to Be Bound" attached hereto as **Exhibit A.**

c. All disclosures of Protected Material marked "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed only in accordance with the provisions of this Order and only to:

i. The Court and its personnel, as appropriate;

ii. A mediator or settlement officer jointly retained by the Parties and the mediator's or settlement officer's personnel

iii. Witnesses providing testimony (and their Counsel) in a deposition, hearing, trial, or other proceeding where the Receiving Party deems in good faith that it is reasonably necessary for the witness to review the Protected Material in preparation and/or to provide testimony regarding the Protected Material. Any witness who is not otherwise subject to the terms of this Order shall be



Case 3:26-cv-00289 Document 51-1 Filed 09/18/26 Page 25 of 38 PageID #: 679

required to sign the "Acknowledgment and Agreement to Be Bound" attached as **Exhibit A** hereto.

iv. Court reporters, videographers, and/or third-party vendors with secure data protocols employed in connection with this Action and their staff, who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as **Exhibit A**; the party asserting confidentiality may review such protocols in advance of disclosure.

v. Professional jury or trial consultants, mock jurors, and Vendors employed in connection with this Action to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as **Exhibit A**.

vi. Outside Counsel of Record for the Parties, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as **Exhibit A**.

vii. Any mediator(s) or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

viii. Expert(s), including necessary staff who are assisting the Expert in connection with the Action, retained by a Party or its Counsel in connection with this Action to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as **Exhibit A**.

ix. The author of any document, the source of any information or data designated as Protected Material, or any person identified in the Discovery Material designated as "CONFIDENTIAL" that is reasonably and in good faith believed likely to have knowledge of the subject matter of the Discovery Material designated as "CONFDIENTIAL."

x. Such other persons that the Parties mutually agree or the Court orders may be shown the Protected Material and to whom disclosure is reasonably necessary for this Action. All such persons shall be required to sign the "Acknowledgment and Agreement to Be Bound" attached hereto as **Exhibit A.**

d. **Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material to In-House Counsel or Experts.**

i. Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to In-House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Section VII.c must first notify the Designating Party of the general categories of information they intend to disclose to In-House Counsel.

ii. Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Section VII.c must first notify the Designating Party of the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party intends to disclose to the Expert.

iii. A Party that provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified In-House Counsel or Expert unless, within fourteen (14) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

iv. A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to In-House Counsel or the Expert may file a motion as provided

seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to In-House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to In-House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its In-House Counsel or Expert.

e. Any person given access to Protected Material, information derived therefrom, or any other documents or materials reflecting or disclosing any Protected Material shall be advised that it is being disclosed pursuant and subject to the terms of this Order and may not be disclosed by any person other than pursuant to its terms, and sign **Exhibit A**.

f. A Party or Non-Party seeking to present Protected Material to the Court, whether in a filing, at a hearing, or otherwise, in this Action shall redact those documents or make a good faith effort to have them filed under seal in accordance with California Rules of Court 2.550 and 2.551. Any privileged information, Confidential Information, Highly Confidential Information, or otherwise protected information, including confidential or protected information of Non-Parties, that is contained within Discovery Materials or Protected Materials in this Action shall be redacted to the extent practicable in accordance with the provisions concerning redactions in the Parties' Stipulated ESI Order.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIATION

a. If a Party or Non-Party is served with a subpoena or a court order issued in other litigation or proceedings before any administrative or legislative body that compels disclosure of



Case 3:26-cv-00289 Document 51-1 Filed 09/18/26 Page 28 of 38 PageID #: 682

any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party or Non-Party must, unless prohibited by law:

i. within three (3) business days of receipt of such subpoena, demand, legal process, or request, provide written notice to the Designating Party or their Counsel, who may seek a protective order or otherwise seek to preclude disclosure of the Protected Material, and such notification shall include a copy of the subpoena, demand, legal process, or request;

ii. promptly provide written notice to the party who caused the subpoena, demand, legal process, or request that some or all of the material covered by the subpoena, demand, legal process, or request is subject to this Protective Order, and such notification shall include a copy of this Order; and

iii. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the appropriate court, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a legal process or order from another court, to challenge or appeal any order requiring production of Confidential Discovery Material, or to seek any relief from this Court.

**IX. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

a. Any person receiving Protected Material shall exercise reasonable care to prevent any disclosure of such Protected Material other than pursuant to the provisions of this Order.

b. Protected Material that is disclosed in contravention of the provisions of this Order (through inadvertence or otherwise) shall continue to be protected by this Order. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or entity not authorized to receive the Protected Material under this Order, the Receiving Party must

immediately (i) notify in writing the Designating Party of the unauthorized disclosures, which notice shall include a specific description of the improperly disclosed Protected Material, (ii) use its best efforts to retrieve all copies of the Protected Material and give written notice to the Designating Party of the result of such efforts, (iii) inform the person or entity to whom the Protected Material was disclosed ("Unauthorized Recipient") that the disclosure was not authorized and demand immediate return and/or destruction of any tangible Protected Material that was disclosed, and (iv) request that the Unauthorized Recipient sign the "Acknowledgment and Agreement to Be Bound" attached as **Exhibit A** hereto and give written notice to the Designating Party of the Unauthorized Recipient's response to such request. The Designating Party's rights and remedies with respect to any such unauthorized disclosure are hereby reserved.

## X. INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

a. If Privileged Material is inadvertently disclosed, such disclosure will not constitute or be deemed a waiver or forfeiture, in this Action or any other action, of any claim of privilege or work-product protection that the Producing Party would otherwise be entitled to assert with respect to the inadvertently disclosed Privileged Material and its subject matter.

b. If the Producing Party determines, after production, that it has produced Privileged Material, the Producing Party may notify the Receiving Party in writing of the discovery (the "Claw Back Notice") and promptly provide a privilege log for such Protected Material. Upon receipt of the Claw Back Notice, the Receiving Party shall (i) immediately cease the review and use of the inadvertently disclosed Privileged Material, except to the extent necessary to determine and/or contest the privilege or protection or, (ii) if the Receiving Party does not challenge the assertion of privilege, return, sequester, delete or destroy all copies of the Privileged Material identified in the Claw Back Notice in accordance with **Exhibit B** to the Stipulated ESI Order entered in this Action and, upon request of the Producing Party shall provide a written certification of the Receiving Party's compliance with this Section X.b. to the Producing Party within fourteen (14) days following receipt of the Claw Back Notice. The Receiving Party is not required to return, sequester, or destroy any item claimed to be Privileged Material if the Receiving Party intends to challenge that assertion.



Case 3:26-cv-00289 Document 51-1 Filed 09/18/26 Page 30 of 38 PageID #: 684

c. If the Receiving Party disputes that the Privileged Material identified in the Claw Back Notice is entitled to privilege or work-product protection, the Receiving Party shall notify the Producing Party of its objection within seven (7) days of its receipt of the Claw Back Notice. If the Parties cannot resolve the dispute informally after meeting and conferring in good faith, either Party may apply to the Court for an appropriate ruling. If applicable, the motion shall be redacted or filed under seal in accordance with California Rules of Court 2.550 and 2.551. A Receiving Party is not precluded from arguing that a privilege or protection has been waived for reasons other than the inadvertent production of Privileged Material subsequently clawed back in accordance with this Order. In the event one of the Parties makes an application in connection this Section X.c, the Party claiming privilege or work-product protection retains the burden of establishing the privileged or protected nature of any Privileged Material. Nothing in this section shall limit the right of any Party or Non-Party to petition the Court for *in camera* review of the Privileged Material.

d. Notwithstanding Sections X.a-c above, (a) a Producing Party may claw back Privileged Material used by another Party during a live deposition or pre-trial proceeding only if the claw back request is made contemporaneously with that Privileged Material's use in that deposition or proceeding; or (b) a Producing Party may claw back Privileged Material filed by another Party with the Court only if it does so within seven (7) days of receiving that filing. In the event that a Producing Party seeks to claw back Privileged Material later than thirty (30) days before the close of fact discovery, the Receiving Party may, upon a showing that it has prepared its case in reliance on the clawed back Privileged Material, seek an extension or reopening (as the case may be) of fact discovery for the limited purpose of seeking appropriate additional discovery. If a Producing Party seeks to claw back more than 100 documents within a seven-day period, the Receiving Party shall be provided an additional ten (10) business days to review such documents and dispute the privilege claims asserted over them. A Party seeking to claw back Privileged Material shall follow the procedures outlined in **Exhibit B** to the Stipulated ESI Order entered in this Action.

## XI. DUTIES UPON FINAL DISPOSITION

a. Unless otherwise agreed or ordered, this Order shall remain in force and continue to be binding after conclusion of the Action except (a) that there shall be no restriction on documents



Case 3:26-cv-00289 Document 31-1 Filed 09/18/26 Page 31 of 38 PageID #: 685

that are used as exhibits in Court (unless such exhibits were filed under seal) and (b) that a Receiving Party may seek the permission of the Producing Party or further order of this Court with respect to dissolution or modification of this Order.

b. Within sixty (60) days of Final Disposition of this Action (including the expiration of time for any appellate challenge thereto), the Receiving Party must either (1) return all Protected Material and copies (including summaries and excerpts) thereof to the Producing Party or (2) make a good faith, commercially reasonable effort to securely destroy all Protected Material and copies (including summaries and excerpts) thereof. The Receiving Party must certify in writing that the Protected Material was returned or securely destroyed (whichever applies) and that no copies, nor any abstracts, compilations, summaries, or other forms of retaining the Protected Material are in the Receiving Party's possession. Notwithstanding this provision, Counsel for the Receiving Party is not expected to access and extract any Protected Material from their disaster recovery systems and Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, deposition and trial exhibits, attorney work, and consultant and expert work product, even if such materials contain Protected Material, provided that any PII and PHI must be securely destroyed in the next routine destruction cycle after Final Disposition of the Action. Any such archival copies that contain or constitute Protected Material remain subject to this Order and all of the protections set forth herein. Receiving Party will comply with all laws that apply to its use, disclosure, storage and processing of the personal information provided to it by the Producing Party hereunder, and shall at all times protect the personal information with reasonable and appropriate administrative, technical and physical security controls.

## XII. <u>MODIFICATION</u>

This Order may be altered or modified only by written agreement among all of the Parties or by order of the Court upon motion by any Party. A Party seeking to modify, extend, or terminate this Order shall notify opposing counsel, and Counsel shall meet and confer concerning the proposed modification, extension, or termination within ten (10) business days of any request for same. If the Parties cannot reach agreement after meeting and conferring in good faith, the Party seeking such modification, extension, or termination shall within ten (10) business days of the


Case 3:26-cv-00289 Document 51-1 Filed 09/18/26 Page 32 of 38 PageID #: 686

expiration of the meet and confer period, as extended if applicable, file a motion with the Court to resolve the dispute. Nothing in this Section shall limit the right of any Party or Non-Party to seek relief from, or modification of, this Order or any of its provisions by properly noticed motion to the Court or to challenge any designations of confidentiality as appropriate under applicable law

## XIII. MISCELLANEOUS PROVISIONS

a. This Order may be executed in counterparts which together shall constitute one document. Any Party added by name to this case after entry by the Court of this Order shall be bound by it without having to execute it.

b. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

c. Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

d. No Prior Judicial Determination. This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated as Confidential Information or Highly Confidential Information by Counsel or the Parties is entitled to protection under the California Code of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

e. Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with California Rules of Court 2.550 and 2.551. A sealing order will issue only upon the express factual findings as set forth in California Rule of Court 2.550(d). If a Receiving Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the Court.



Case 3:26-cv-00289 Document 51-1 Filed 09/18/26 Page 33 of 38 PageID #: 687

f. This Order shall take effect when entered and shall be binding upon all Counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

**IT IS SO STIPULATED.**

Respectfully Submitted,

Dated: November 9, 2023

**CADDELL & CHAPMAN**

By: */s/Michael A. Caddell*
MICHAEL A. CADDELL
CYNTHIA B. CHAPMAN
AMY E. TABOR

*Attorneys for Plaintiffs* JANE DOE

Dated: November 9, 2023

**AHMAD, ZAVITSANOS & MENSING, PLLC**

By: */s/Foster C. Johnson (by permission)*
FOSTER C. JOHNSON
NATHAN CAMPBELL (*pro hac vice)*

*Attorneys for Plaintiffs* JANE DOE

Dated: November 9, 2023

**BURSOR & FISHER, P.A.**

By: */s/L. Timothy Fisher (by permission)*
L. TIMOTHY FISHER
JOSHUA D. ARISOHN
PHILIP L. FRAIETTA
CHRISTOPHER R. REILLY

*Attorneys for Plaintiff* KELLY DAVIS



Case 3:26-cv-00289 Document 31-1 Filed 09/18/26 Page 34 of 38 PageID #: 688

Dated: November 9, 2023

**BAKER & HOSTETLER llp**

By: *s/Teresa C. Chow (by permission)*
TERESA C. CHOW
DYANNE J. CHO
ALEXANDER VITRUK

*Attorneys for Defendant* HOAG MEMORIAL HOSPITAL PRESBYTERIAN

**IT IS SO ORDERED.**

Dated: DEC 04 2023

Hon. Lon F. Hurwitz
Judge of the Superior Court


Case 3:26-cv-00289 Document 51-1 Filed 09/18/26 Page 35 of 38 Page ID #:689

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________ [print or type full name], of ______________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order Governing Confidentiality of Discovery Material (the "Order") that was entered on ________________[date] in the case of related and consolidated cases proceeding under the lead case *Jane Doe v. Hoag Memorial Hospital Presbyterian*, Case No. 30-2023-01302765-CU-NP-CXC (the "Action"). I agree to comply with and to be bound by all the terms of this Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the Superior Court of California, County of Orange for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint ____________________________ [print or type full name] of ______________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Order.

Printed Name: ______________________________

Job Title: ______________________________

Employer: ______________________________

City and State where sworn and signed: ______________________________

Date:____________________________ ______________________________
Signature

**EXHIBIT B**

The court approves and enters the Stipulation and Protective Order Governing Confidentiality of Discovery Material ("Stipulation and Protective Order") to which this Exhibit B is attached, subject to the following additional provisions. Notwithstanding any other provision contained in the Stipulation and Protective Order, the following provisions shall and do apply:

A. To the extent any party seeks to submit to the court any document or other material containing confidential information or to seal all or any part of any document or other item submitted to the court on the ground that it contains confidential information, the party must comply in every respect with California Rule of Court 2.550 *et seq.* regarding sealed records;

B. Any party who has received confidential information may provide or disclose such information when and as required by law to do so, including, but not limited to, in response to a subpoena or other court order;

C. Confidential information may be disclosed to any member of the court's staff, including, without limitation, clerks, courtroom attendants, research attorneys, and court reporters;

D. Confidential information may be disclosed to any judge, commissioner, referee or other judicial officer of the court, including, without limitation, temporary judges and judges sitting on assignment;

E. Nothing in the Stipulation and Protective Order shall affect or prevent use of confidential information at trial. To the extent a party desires to use such information at trial, the proper treatment of such information at trial shall be the subject of the parties' pretrial meet and confer and the parties' pretrial conference with the court. Jurors will not be required to sign a confidentiality agreement in connection with confidential information used at trial; and

F. Any party may move to modify or amend the Stipulation and Protective Order at any time by serving and filing a noticed motion; provided, however, that before any such motion is filed, the parties shall first meet and confer in person or by telephone concerning each specific

//

//



Case 3:26-cv-00289 Document 51-1 Filed 09/18/26 Page 37 of 38 Page ID #:691

proposed modification or amendment, including the parties' respective reasons for seeking or objecting to each proposed modification or amendment. Any such motion shall be accompanied by a declaration showing compliance with this meet and confer obligation.

**IT IS SO ORDERED.**

Dated: DEC 0 4 2023

Lon F. Hurwitz
Judge of the Superior Court