# Exhibit A

AZA

**FOSTER C. JOHNSON**
**PARTNER**
DIRECT 713.600.4915
MAIN 713.655.1101
FAX 713.655.0062
FJOHNSON@AZALAW.COM

September 23, 2026

***Via Email***

Joelle A. Berle, Esq.
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
jberle@bakerlaw.com

Re: Subpoena to Non-Party Hoag Memorial Hospital Presbyterian in *John Doe, et al. v. Unlock Health, Inc. et al.*, No. 3:26-cv-00289 (M.D. Tenn.)

Dear Ms. Berle:

I write on behalf of Plaintiffs John Doe, Jane Doe, and Jack Doe in response to your September 17, 2026 letter regarding the Subpoena to Produce Documents served upon Hoag Memorial Hospital Presbyterian ("Hoag") in the above-referenced action. To be clear, my initial email to attorneys at Baker & Hostetler, LLP ("Baker") asking whether they could accept service of a subpoena was sent as a courtesy to Hoag. You did not even bother to reach out or confer with me directly regarding your concerns. Instead, you sent a letter—which was filed with the Court in the above-referenced matter the very next day—to create baseless arguments for Defendants. Your letter's inflammatory accusations are meritless, reflect a fundamental misunderstanding of the Stipulation and Protective Order Governing Confidentiality of Discovery Material ("SPO") entered in *Doe v. Hoag Memorial Hospital Presbyterian*, No. 30-2023-01302765-CU-NP-CXC (Cal. Super. Ct.) ("the California Action"), and appear designed to obstruct legitimate discovery rather than advance any colorable legal position. We address each of your contentions in turn.

## A. No Court Order Has Been Violated

### *1. A Reference to Bates Numbers Does Not Violate the SPO*

We can assure continued compliance with the SPO because the SPO was never violated. Your letter contends that the mere identification of documents by Bates number in correspondence constitutes a violation of the SPO. This contention is baseless. A Bates number is nothing more than an identifying label affixed to a document for tracking purposes during litigation — it reveals nothing about the substance, content, or confidential nature of the underlying document. The SPO governs the disclosure of "Protected Material," defined as "any Discovery Material designated as 'Confidential' or 'Highly Confidential' pursuant to this Order." Referencing a document's Bates number does not disclose the document itself, nor does it disclose any confidential information

contained therein. The SPO restricts the use and disclosure of Protected Material and "information derived from Protected Material." Put simply, no Protected Material was shared in the referenced emails. A Bates stamp is a litigation-management identification tool, not substantive information "derived from" the content of a document. Your letter cites no authority—and none exists—for the extraordinary proposition that merely referencing a document's Bates number constitutes a disclosure of Protected Material under the SPO. Nor is the mere existence of confidential documents itself protected. That the parties in the California Action exchanged confidential information in discovery is no secret; were it otherwise, the need for entry of the SPO itself on the public docket would be obviated.

Hoag would have received a subpoena regardless of the existence of the documents referenced by Bates number. Plaintiffs' subpoena directed to Hoag was based on an independent investigation—using publicly available resources such as the Wayback Machine—which revealed that the tracking technology located in the HRA forms on Hoag's website belonged to Hoag. Hoag alone, and not the Defendants in this action, has access to the information requested in the subpoena. Counsel did not derive their knowledge of the documents requested in their subpoena through their involvement in the California Action.

Your letter also asserts that the inclusion of Ms. Hannah Price of Ahmad, Zavitsanos & Mensing, PLLC ("AZA") on emails referencing the Bates-numbered documents constitutes a violation of the SPO. This position is without merit. Ms. Price is an attorney at AZA, which serves as counsel of record for the plaintiffs in the California Action. The SPO expressly permits disclosure of material designated "CONFIDENTIAL" to "[c]ounsel for the Parties, including In-House Counsel and Outside Counsel of Record and their legal assistants and other staff who are assisting counsel in connection with the [California Action]." Ms. Price therefore falls squarely within the class of persons authorized to access Confidential material under the SPO. Even if she had reviewed the documents at issue, no violation would have occurred. The same can be said for you, given that you are not counsel of record in the California Action but nonetheless have access to Protected Material from it.

Your letter further takes umbrage at the inclusion of Dr. John Roberts, an associate attorney at Stranch, Jennings & Garvey, PLLC, in the referenced emails. Again, as previously mentioned, the mere reference to Bates numbers does not equate to disclosure of Protected Material. Dr. Roberts has not seen or received any Protected Material from the California Action.

Your demand for "sworn declarations" from Plaintiffs' counsel identifying every person who received any Protected Material and every use made thereof is disproportionate and unsupported by the SPO or any other authority. The SPO prescribes specific remedies where a Receiving Party learns it has disclosed Protected Material to an unauthorized person. Plaintiffs and their counsel have not violated any terms of the SPO. The demand

for "sworn declarations" invents an obligation that the SPO does not impose. Accordingly, Plaintiffs' counsel will not provide any such declarations.

### ***2. No Enforcement of the Subpoena Has Been Sought***

As an initial matter, your letter mischaracterizes the nature and time frame of my email correspondence with attorneys at Baker. *See* Ex. 1. I initially emailed Teresa Chow and Dyanne Cho on July 9, 2026, to ask if they could accept service of a subpoena in connection with the *Doe v. Unlock Health* case. As a courtesy, I attached a copy of the subpoena to that email and explained that I was asking for Hoag to "re-produce data about HRA form fills" that it had produced in the California Action. I included a list of bates numbers in that email. Ms. Cho responded to my request *over a month later*, on August 12, 2026, indicating that she could accept service of the subpoena on behalf of Hoag. In response, on August 13, 2026, I re-sent the same subpoena packet and included a business records affidavit and the Court's July 13, 2026 Order ("the Stay Order"). In response, *almost two weeks later*, on August 25, 2026, Ciara Westbrooks of Baker requested an updated subpoena with a response and objection deadline "no earlier than September 18." The next day, on August 26, 2026, Ms. Price served the updated subpoena packet, as requested, and included the same business records affidavit. Nothing was "calculated to obfuscate" the import of any court order.

Your letter is an exercise in manufactured outrage that does not withstand scrutiny. You accuse Plaintiffs' counsel of "gamesmanship" in connection with the Stay Order, yet the Order was in fact provided to your firm as an attachment to my August 13th correspondence. Your characterization that the Order was "surreptitiously attached" ignores the fact that it was attached at all — and that your firm had every ability and obligation to review the attachments to the correspondence it received. Hoag was timely provided with the Stay Order in my *first* correspondence to Baker after it was issued. Your firm's failure to review its own correspondence does not transform a timely disclosure into "gamesmanship."

Your letter also mischaracterizes the scope of the Court's stay. As you acknowledged, the Stay Order provides that "enforcement of those subpoenas is STAYED until the Court orders otherwise." The Order stayed *enforcement*— it did not prohibit Plaintiffs from *issuing* new or updated subpoenas. Your letter conflates the two. Plaintiffs' reissuance of the subpoena on August 26 was entirely permissible under the plain language of the Stay Order. Indeed, the same Order you accuse Plaintiffs of violating contemplates the very conduct you find offending. At paragraph 6 on page 4, the Stay Order provides: "This order does not affect the rights of any non-party in this litigation that has been served ***or will be served*** with a subpoena." (emphasis added)

**B. Hoag's Substantive Objections to Plaintiffs' Subpoena Are Baseless**

Hoag objects to each of Plaintiffs' subpoena requests as "not in the possession, custody, or control of Hoag" and "impermissibly requests Hoag to create a document or documents for the sole purpose of responding to the Request." Not so. As explained in my initial July 9 email and reiterated in my August 13 email, Plaintiffs are *only* seeking "specific bates labeled documents" that Hoag had *already produced* in the California Action. In no way have Plaintiffs requested documents not in Hoag's possession, custody, or control. Nor have Plaintiffs requested documents that Hoag must create for the sole purpose of responding to their Requests. We are certainly willing to meet and confer on the terms your client finds vague or ambiguous.

Finally, please preserve all correspondence you have had with counsel for Unlock Health relating to the subpoena. We reserve all rights and remedies available to Plaintiffs, including the right to seek judicial relief compelling Hoag's compliance with the Subpoena as soon as the Court lifts the stay of enforcement.

Regards,

Foster C. Johnson, Esq.

*cc*:
Hannah Price, Esq.
Mark Holden, Esq.
J. Gerard Stranch, IV, Esq.
Grayson Wells, Esq.
John C. Roberts, Esq., Ph.D.
Lynn A. Toops, Esq.
Lisa LaFornara, Esq.

*Encl*.
Email Correspondence between Foster Johnson and Baker & Hostetler

# Exhibit 1

Outlook

## Re: Subpoena to Hoag Memorial in Doe v Unlock Health

**From** Hannah Price <hprice@azalaw.com>
**Date** Wed 8/26/2026 2:40 PM
**To** Foster Johnson <fjohnson@AZALAW.COM>; Westbrooks, Ciara <cwestbrooks@bakerlaw.com>
**Cc** John Roberts <jroberts@stranchlaw.com>; Chow, Teresa <tchow@bakerlaw.com>; Berle, Joelle <jberle@bakerlaw.com>

2 attachments (7 MB)

Subpoena packet - Hoag Mem.pdf; Unlock Health - Business Records Affidavit.docx;

Counsel,

Per your request, see attached for the updated subpoena packet. The deadline has been updated to September 18.

Thanks,
Hannah


**Hannah Price**
*Attorney*
Direct: 346.809.2911 | 713.655.1101
1221 McKinney, Suite 2500
Houston, Texas 77010
**AZALAW.COM**


---

**From:** Foster Johnson <fjohnson@AZALAW.COM>
**Sent:** Wednesday, August 26, 2026 1:31 PM
**To:** Westbrooks, Ciara <cwestbrooks@bakerlaw.com>
**Cc:** Hannah Price <hprice@azalaw.com>; John Roberts <jroberts@stranchlaw.com>; Chow, Teresa <tchow@bakerlaw.com>; Berle, Joelle <jberle@bakerlaw.com>
**Subject:** RE: Subpoena to Hoag Memorial in Doe v Unlock Health

Ciara,

That's fine.  We'll serve an amended subpoena.

Thanks,
Foster

**Foster C. Johnson**
Partner
Ahmad, Zavitsanos & Mensing, PLLC
1221 McKinney, Suite 2500
Houston, Texas  77010
Direct 713.600.4915
Main 713.655.1101
Cell 713.724.6743
www.azalaw.com

---

**From:** Westbrooks, Ciara <cwestbrooks@bakerlaw.com>
**Sent:** Tuesday, August 25, 2026 11:17 PM
**To:** Foster Johnson <fjohnson@AZALAW.COM>
**Cc:** Hannah Price <hprice@azalaw.com>; John Roberts <jroberts@stranchlaw.com>; Chow, Teresa <tchow@bakerlaw.com>; Berle, Joelle <jberle@bakerlaw.com>
**Subject:** RE: Subpoena to Hoag Memorial in Doe v Unlock Health

Hi Foster,

As you know, we agreed to accept service of Plaintiff's document subpoena on Hoag's behalf. However, the subpoena's current compliance date of July 31 predates the August 13 service.  Accordingly, the subpoena is defective.  Should Plaintiff wish to re-issue a new subpoena with an updated compliance deadline, we are authorized to accept service of the new subpoena.  Given the breadth of the requests and the need to evaluate potential confidentiality and other potentially applicable objections, we ask Plaintiff to agree that Hoag's response and objection deadline shall be no earlier than September 18.

Thank you,
Ciara

**Ciara Westbrooks**
She | Her | Hers
Associate

---

BakerHostetler
1900 Avenue of the Stars | Suite 2700
Los Angeles, CA 90067-4301

T +1.310.979.8497

cwestbrooks@bakerlaw.com
bakerlaw.com

---

**From:** Foster Johnson <fjohnson@AZALAW.COM>
**Sent:** Thursday, August 13, 2026 11:31 AM
**To:** Cho, Dyanne <dcho@bakerlaw.com>; Chow, Teresa <tchow@bakerlaw.com>
**Cc:** Hannah Price <hprice@azalaw.com>; Westbrooks, Ciara <cwestbrooks@bakerlaw.com>; Peppin, Logan <lpeppin@bakerlaw.com>; John Roberts <jroberts@stranchlaw.com>
**Subject:** RE: Subpoena to Hoag Memorial in Doe v Unlock Health

Dyanne,

Thank you for agreeing to accept service on Hoag's behalf for the subpoena that we are serving in connection with the Unlock Health case (attached).

As outlined in my prior email, the only thing that we are asking from Hoag in connection with the subpoena is that Hoag reproduce the bates labeled documents listed below and provide a custodian of records affidavit authenticating the documents (draft attached). The documents we are seeking are related to the use of Unlock Health HRA forms on the Hoag website.

The specific bates labeled documents that Plaintiffs are seeking in connection with the Unlock Health case are listed below. Please let me know if it would be helpful to have a call to discuss the subpoena.

**Hoag Bates Labels of Requested HRA Data**:

- Hoag_ 0002744
- Hoag_ 0002693
- Hoag_ 0002530
- Hoag_ 0002534
- Hoag_ 0002535
- Hoag_ 0002697
- Hoag_ 0002698
- Hoag_ 0002648
- Hoag_ 0002649
- Hoag_ 0002748
- Hoag_ 0002749

Regards,
Foster

**Foster C. Johnson**
Partner
Ahmad, Zavitsanos & Mensing, PLLC
1221 McKinney, Suite 2500
Houston, Texas  77010
Direct 713.600.4915
Main 713.655.1101
Cell 713.724.6743
www.azalaw.com

---

**From:** Cho, Dyanne <dcho@bakerlaw.com>
**Sent:** Wednesday, August 12, 2026 4:24 PM
**To:** Foster Johnson <fjohnson@AZALAW.COM>; Chow, Teresa <tchow@bakerlaw.com>
**Cc:** Hannah Price <hprice@azalaw.com>; Westbrooks, Ciara <cwestbrooks@bakerlaw.com>; Peppin, Logan <lpeppin@bakerlaw.com>
**Subject:** RE: Subpoena to Hoag Memorial in Doe v Unlock Health

Hi Foster,

Baker can accept service of the subpoena on behalf of Hoag Memorial Hospital Presbyterian. Hoag otherwise reserves all rights and objections.

Thanks,
Dyanne

---

**From:** Foster Johnson <fjohnson@AZALAW.COM>
**Sent:** Thursday, July 9, 2026 9:28 AM
**To:** Chow, Teresa C. <tchow@bakerlaw.com>; Cho, Dyanne <dcho@bakerlaw.com>
**Cc:** Hannah Price <hprice@azalaw.com>
**Subject:** Subpoena to Hoag Memorial in Doe v Unlock Health

[External Email: Use caution when clicking on links or opening attachments.]
Teresa and Dyanne,

I'm writing to ask if you can accept service on behalf of Hoag Memorial Hospital Presbyterian for a subpoena that my firm is going to serve in connection with *Doe v. Unlock Health*, which is pending in the United States District Court for the Middle District of Tennessee.

The subpoena essentially asks for Hoag to re-produce data about HRA form fills that is contained in the documents listed below that Hoag produced in the CA state case you are involved in.  Could you please let me know if you are unauthorized to accept

service of this subpoena? Alternatively, please let me know if you would prefer that I just serve this subpoena of Hoag's registered agent.

**Hoag Bates Labels of HRA Data**:

- Hoag_ 0002744
- Hoag_ 0002693
- Hoag_ 0002530
- Hoag_ 0002534
- Hoag_ 0002535
- Hoag_ 0002697
- Hoag_ 0002698
- Hoag_ 0002648
- Hoag_ 0002649
- Hoag_ 0002748
- Hoag_ 0002749

Best,
Foster

**Foster C. Johnson**
Partner
Ahmad, Zavitsanos & Mensing, PLLC
1221 McKinney, Suite 2500
Houston, Texas 77010
Direct 713.600.4915
Main 713.655.1101
Cell 713.724.6743
[www.azalaw.com](http://www.azalaw.com)

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware by **Mimecast Ltd**.

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware by **Mimecast Ltd**.