**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

---

JOHN DOE, JANE DOE, and JACK DOE,

Plaintiffs,

v.

UNLOCK HEALTH, INC., MEDICOM DIGITAL, INC. d/b/a MEDICOM HEALTH INTERACTIVE and MEDICOM HEALTH,

Defendants.

Case No. 3:26-cv-00289
District Judge Crenshaw
Magistrate Judge Hill

**CLASS ACTION**

**JURY DEMANDED**

---

# FIRST AMENDED CASE MANAGEMENT ORDER

---

Pursuant to Local Rule 16.01, the Court adopts the following case management schedule and plan.

A. JURISDICTION. The court has jurisdiction pursuant to 28 U.S.C. § 1332(d), because this is a proposed class action in which (1) there are at least 100 class members; (2) the parties are minimally diverse, and (3) the combined claims of class members exceed $5,000,000. Additionally, this Court also has federal question arising under 28 U.S.C. because Plaintiffs' wiretap claim arises under the laws of the United States. The Court additionally has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a), because they are so related to Plaintiffs' federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

B. CONSENT TO MAGISTRATE JUDGE. Pursuant to 28 U.S.C. §636(c), Fed. R. Civ. P. 73, and Local Rule 73.01, the parties may consent to final disposition by the Magistrate Judge. If all parties consent, they may jointly complete and electronically file the form Notice, Consent

and Reference of a Civil Action to a Magistrate Judge available on the Court's website.[1] Withholding consent will not result in adverse consequences, and the Notice should be filed **only if <u>all</u> parties consent** to final disposition by the Magistrate Judge. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with this case.

C. BRIEF THEORIES OF THE PARTIES.

1. <u>Plaintiff</u>(s).

Plaintiffs John Doe, Jane Doe, and Jack Doe allege that Defendants Unlock Health, Inc., Medicom Digital, Inc., and Medicom Health (collectively, "Defendants" or "Unlock Health") for surreptitiously divulging their health information to Google via Google's online marketing systems, known as Google Analytics, when patients exchanged communications with their healthcare providers via online Health Risk Assessment forms ("Health Risk Assessments" or "HRAs') provided by Defendants.

Plaintiffs and proposed Class Members are patients who filled out online Health Risk Assessments for sensitive medical conditions such as anxiety, depression, substance abuse, heart health, strokes, lung cancer, and bladder control. Plaintiffs allege that Defendants secretly deployed tracking technologies within these online HRAs, which illegally shared patients' Protected Health Information (including the specific kinds of HRAs they filled out, the health risk assessment scores that were generated, and patients' names and email addresses) with companies such as Google and Tik Tok, without Plaintiffs' consent.

Plaintiffs bring a claim for violation of the Electronic Communications Privacy Act, 18

[1] *See* https://www.tnmd.uscourts.gov/forms/notice-consent-and-reference-civil-action-magistrate-judge-ao-85.

U.S.C. § 2511, against Defendants on behalf of a nationwide class, and state-law causes of action on behalf of California patients under the California Invasion of Privacy Act, Cal. Penal Code § 630, et seq., the California Confidentiality of Medical Information Act, Cal. Civil Code §§ 56.06, 56.101, 56.10, Negligence, the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq., and Invasion of Privacy under the California constitution and common law.

2. Defendant(s).

Defendants Unlock Health, Inc., Medicom Digital and Medicom Health ("Defendants") deny they surreptitiously disclosed Plaintiff's protected health information to Google or any third party for marketing or other improper purposes, and deny that any use or configuration of analytics tools on Health Risk Assessment webpages resulted in unlawful interception, disclosure, or use of PHI. Defendants further deny that they embedded third-party tracking on online HRAs and transmitted names, emails, risk scores and other identifiers to Google and others without consent, in violation of federal and state privacy laws. Defendants contend the complaint relies on conclusory descriptions of web technologies and speculative inferences about what data was transmitted, whether it was identifiable PHI, and whether it can be linked to any individual, and fails to plausibly allege unauthorized disclosure, intent, or cognizable injury.

Defendants will show Plaintiffs' claims fail as a matter of law and fact, including for failure to state a claim, lack of Article III standing, and lack of causation and damages. The pleading rests on general assertions about cookies, URLs, and analytics, assumes all data flows constitute PHI and claims injury based on targeted advertising and the purported "value" of data without concrete, particularized harm. Further, Defendants contend any challenged conduct was undertaken in good faith and in compliance with applicable policies. Defendants believed data from public-facing pages was not PHI, and subsequently, Plaintiffs fail to plead specific

disclosure facts or timely claims. For the foregoing reasons, Defendants will prove that Plaintiffs' claims fail as a matter of law and fact and should be dismissed with prejudice.

D. ISSUES RESOLVED. There are no disputes regarding personal jurisdiction or venue.

E. ISSUES STILL IN DISPUTE. Defendants filed a Motion to Dismiss on June 22, 2026, (ECF 23). As such, whether the Complaint states valid claims under the ECPA and the various California state law causes of action alleged is still in dispute. Additional issues in dispute include whether the case should be certified as a class action, Defendants' liability, and the appropriate measure of damages, if any.

F. FRCP 15 AMENDMENTS OR ADDITION OF PARTIES. Any motions to amend or to add parties must be filed by no later than **May 10, 2027** and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion. Amendments or addition of parties by written consent under Fed. R. Civ. P. 15(a)(2) must clearly and conspicuously state that the amended pleading is filed by written consent. Failure to clearly and conspicuously provide notice of the consent filing may result in the amended pleading being stricken.

G. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS. The parties are encouraged to make settlement efforts throughout the pendency of this case and must make a minimum of two independent, substantive attempts at resolution. The parties' compliance with this case resolution plan is not optional. The fact that discovery is ongoing or that a dispositive motion is pending does not relieve the parties of their compulsory obligations under this case resolution plan.

1. First Attempt. By no later than **March 31, 2027**, the parties must file a joint case resolution status report confirming their first substantive attempt at settlement. The

parties must have conducted sufficient discovery or otherwise exchanged enough information prior to this date to substantively evaluate and discuss settlement.

2. Second Attempt. The parties' second attempt must be by mediation, which must be concluded by no later than **February 15, 2028**. Promptly upon selection of a mediator and scheduling of mediation, and by no later than **January 15, 2028**, the parties must file a joint notice of mediation, which confirms their selection of a mediator, the identity of the mediator, and the date on which mediation is scheduled. A report of mediation, which will constitute the second required case resolution status report, must be filed in accordance with Local Rule 16.05(b) and by no later than two (2) business days following mediation.

3. Report Contents. The parties' joint reports must state the specific steps taken toward case resolution (e.g., that offers or demands were made and responded to, that counsel discussed the parties' positions and specific next steps to promote case resolution, mediation occurred, etc.). In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations.

4. Requests for Judicial Settlement Conference. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

H. DISCOVERY DEADLINES.

1. Effect of Pending Motions. Discovery is not stayed during the pendency of dispositive or other motions, unless ordered by the Court.

2. Initial Disclosures. The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), on or before **September 16, 2026**.

3. Written and Fact Witness Discovery. By no later than **July 30, 2027**, the parties must (i) complete all written discovery and depose all fact witnesses and (ii) bring all discovery disputes to the Court's attention, unless otherwise permitted by the Court. Written discovery and scheduling of depositions must proceed promptly.

4. Disclosure and Depositions of Experts (if applicable):

   a. Plaintiff: The plaintiff must identify and disclose all expert witnesses and expert reports on or before **August 2, 2027**.

   b. Defendant: The defendant must identify and disclose all expert witnesses and reports on or before **September 1, 2027**.

   c. Expert Depositions. By no later than **November 3, 2027**, the parties must (i) complete all expert depositions and (ii) bring all expert-related discovery disputes to the Court's attention, unless otherwise permitted by the Court.

   d. Supplemental Expert Disclosures. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local R. 39.01(c)(5)(C).

   e. Rebuttal Experts. Rebuttal experts and reports shall be permitted only by leave of court.

I. ELECTRONIC DISCOVERY. The parties have reached an agreement on how to conduct

electronic discovery and filed a stipulation to that effect at ECF 54.

J. DISCOVERY DISPUTES. The Court expects all parties and their counsel to cooperate during discovery and to act courteously and professionally in the resolution of any discovery disputes. The Court may impose appropriate sanctions, including any of those authorized by Fed. R. Civ. P. 16(f) or 37(b)(2)(A), upon a finding of a failure to comply with this or any discovery order or upon a finding of other discovery misconduct.

1. Resolution Efforts. Discovery disputes may not be brought to the Court for resolution until lead counsel for all parties have conducted an in-person[2] meeting and made a good-faith effort to resolve any disputes.

2. Joint Motion for Discovery Conference. Discovery disputes that cannot be resolved after the in-person meeting must be brought promptly to the attention of the Magistrate Judge by filing a joint motion for a discovery conference and an accompanying joint discovery dispute statement.

3. Joint Discovery Dispute Statement. The joint discovery dispute statement may be no more than three (3) pages[3] per affected party, per issue. The statement must identify and describe the specific discovery request(s) in dispute and detail each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement must certify that lead counsel for all parties conducted the required in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. A discovery conference will not be held until a compliant joint statement is filed.

---

[2] This is an explicit requirement. It does not mean meeting by telephone, videoconference, or by any means other than in person.

[3] To be filed in compliance with Local Rule 7.03.

4. Discovery-Related Motions. It is within the Magistrate Judge's discretion whether to allow the filing of discovery-related motions after a discovery conference. If discovery-related motions are allowed, and if the joint discovery dispute statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01 but must clearly state in the filing that the joint statement is adopted as the party's memorandum of law or response.

K. PROTECTIVE ORDER. The Parties filed a joint motion for entry of their agreed protective order, *see* ECF 53.

L. CLASS CERTIFICATION.

1. Motion for Class Certification and Notice. Prior to the filing of a motion for class certification, lead counsel for the parties must meet **in person** to discuss the proposed class and whether there is some class and/or notice that can be approved by agreement of the parties. The motion for class certification and notice procedures must be filed by no later than **December 1, 2027**. Response to the motion for class certification, if opposed, must be filed within 45 days of the filing of the motion. Briefs or memoranda of law in support of or in opposition to the motion shall not exceed 30 pages. An optional reply may be filed within 30 days of the filing of the response and shall not exceed 15 pages.

2. Motion for Class Decertification. Any motion for class decertification must be filed by no later than **June 5, 2028**, and otherwise in compliance with Local Rule 7.01 except for the following expanded briefing schedule. Response to the motion for class decertification must be filed within 21 days of the filing of the motion. Briefs or memoranda of law in support or in opposition to the motion shall not exceed 25 pages.

An optional reply may be filed within 7 days of the filing of the response and shall not exceed 5 pages.

M. DISPOSITIVE MOTIONS.

1. Motions for Summary Judgment. Motions for summary judgment pursuant to Fed. R. Civ. P. 56 must be filed and briefed in accordance with that rule and with Local Rule 56.01.

   a. Deadline. Motions for summary judgment must be filed by no later than **April 3, 2028**.

   b. Responses. Responses to motions for summary judgment must be filed within **45 days** after the filing of the motion.

   c. Replies. Optional replies may be filed within **21 days** after the filing of the response.

   d. Page Limits. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed twenty-five (25) pages. Optional replies shall not exceed five (5) pages.

   e. Statement of Undisputed Material Facts and Response. Before filing or responding to a summary judgment motion, attorneys are required to read and comply with Local Rule 56.01(c) and Judge Richardson's guidance in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021) (*rev'd on other grounds*), regarding what should (or should not) be included in the movant's "statement of undisputed material facts." Counsel must carefully draft the statement of undisputed material facts and response to ensure that each is a concise, focused, and non-argumentative statement of facts (not opinions, arguments, or legal conclusions) that are material

to the outcome of the case and are undisputed as supported by the record.

f. Partial Motions for Summary Judgment. Motions for partial summary judgment shall not be filed without leave of Court. Any party wanting to file a motion for partial summary judgment must first file a separate motion seeking leave to do so and must provide the basis for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

N. USE OF GENERATIVE ARTIFICIAL INTELLIGENCE. Generative artificial intelligence ("AI") platforms used by attorneys to aid in drafting court filings have been shown to produce content that may be fictitious, factually inaccurate, and legally unsound. As a result, attorneys using AI to prepare pleadings, motions, or other filings in this Court are reminded of their obligations under Fed. R. Civ. P. 11(b) and 26(g), and their ethical obligations under the applicable rules of professional conduct. "New technologies . . . are no substitute for tried-and-true safeguards managed by practicing attorneys. Attorneys have an ethical obligation to verify the citations and propositions they submit to courts; that obligation reflects duties of competence and candor that apply no matter the tools attorneys use." *United States v. Farris*, 171 F.4th 920, 923 (6th Cir. 2026).

O. SUBSEQUENT CASE MANAGEMENT CONFERENCES. The Court does not set subsequent case management conferences or require the parties to file status reports as a matter of course. The parties may request that a case management conference be set by filing a joint motion for a case management conference, which must identify all issues to be discussed and detail the status of all case management events. If the purpose of the requested conference is to discuss extending case management deadlines, the motion must comply with the requirements for modifications of the case management order as instructed below. The parties

must also state whether they request an in-person or telephonic case management conference. The parties and their counsel are responsible for preparing this case according to the case management schedule. Failure to do so may result in any of the remedies authorized by Fed. R. Civ. P. 16(f). The Court will not provide reminders of case management deadlines and will not otherwise prompt the parties to give attention to their case.

P. MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline must be filed at least **seven (7) days** in advance of the earliest impacted deadline. Unless the motion is filed jointly, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the requested modification or extension.

1. The motion for modification must include the following:
    a. The trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion;
    b. A statement of counsel that the requested extension will not cause any dispositive motion deadline, including response and reply briefs, to be later than 120 days in advance of the trial date; and
    c. Details concerning the moving party's efforts at diligently complying with the originally scheduled deadline and the specific facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).
2. Failure to include the above information may result in denial of the requested extension.

Q. REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS. Any party

requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Local Rules 5.03 and 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, **even if unopposed**, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

R. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The **JURY** trial of this action is expected to last **approximately 7 days**. A trial date no earlier than **<u>August 7, 2028</u>** is respectfully requested. An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Judge Waverly Crenshaw.

It is so ORDERED.

LYNDA M. HILL
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that on September 28th, 2026, a copy of the foregoing document was filed through the Court's CM/ECF system, which will send notification to all counsel of record registered to receive electronic service.

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV (BPR No. 23045)