IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| **JOHN DOE *et al.*** | ) | |
| | ) | **Case No. 3:26-cv-00289** |
| **v.** | ) | **Judge Crenshaw** |
| | ) | **Magistrate Judge Hill** |
| **UNLOCK HEALTH, INC. *et al.*** | ) | |

**SECOND CASE MANAGEMENT ORDER**

Pending before the Court is Defendants' Motion to Stay, or Alternatively, to Bifurcate Discovery ("Motion to Stay Discovery"), (Doc. No. 44), and the parties Joint Motion for Discovery Conference, (Doc. No. 50). The Court held an in-person hearing on October 1, 2026, to address the pending motions and to address the discovery issues behind the request for a discovery conference. The hearing was attended by Plaintiffs' counsel, Gerard Stranch and John Roberts, and Defendants' counsel, Chris Seusing. For the reasons stated on the record, the Court ORDERS as follows:

1. The parties joint motion for discovery conference (Doc. No. 50), is **GRANTED**.

2. Defendants' Motion to Stay Discovery (Doc. No. 44), is **GRANTED in part and DENIED in part**. All discovery, including third-party discovery, is **STAYED** pending further order of the Court approving a Rule 26(f) discovery plan.

3. To the extent Plaintiffs have issued or served subpoenas on any non-parties, enforcement of those subpoenas remains **STAYED** until the Court orders otherwise. To be clear, Plaintiffs' may not issue new, revised, or updated subpoenas to any non-parties to whom subpoenas were previously served. Failure to comply with this directive may result in sanctions.

4. The parties must meet and confer to develop a proposed Rule 26(f) discovery plan ("Discovery Plan"). The proposed Discovery Plan must be filed with the Court by **Tuesday,**

**October 27, 2026**. A Word version of the Discovery Plan also must be e-mailed to chambers at judgehillchambers@tnmd.uscourts.gov.

5. The scope of the Discovery Plan must be limited to merits-based discovery of the putative class representatives.

6. The Discovery Plan must, at a minimum, address the following:

   a. The date on which written discovery can first be exchanged.

   b. Reasonable limitations on the scope of written discovery (i.e., number of interrogatories, number of requests for production, etc.)

   c. The timing and scope of Rule 30(b)(6) depositions, including, but not limited to, the topics to be addressed and the likely number of designees.

   d. The timing and scope of third-party discovery relating only to the putative class representatives.

   e. Any additional terms agreed to by the parties.

7. By **October 27, 2026**, the Plaintiffs shall file under seal, without need for further order of the Court, a notice identifying the Plaintiffs' names and the names of third parties to whom subpoenas have been issued by Plaintiffs. Plaintiffs' shall refer to this Order in the notice and serve a copy upon Defendants' counsel.

8. By **October 27, 2026**, the parties must meet and confer to determine whether data preservation agreements can be reached with the third parties to whom subpoenas have been issued by Plaintiffs.

9. By **October 15, 2026**, Plaintiffs must submit a memorandum of law explaining why Plaintiffs are entitled to request from Defendants or third-parties HIPPA-protected data for parties other than the putative class representatives. The memorandum of law shall be limited to

10 pages. Defendants may file a response by **October 29, 2026**. The response shall be limited to 10 pages. No replies are allowed.

10. By **October 15, 2026**, Plaintiffs must submit a memorandum of law explaining why Plaintiffs are entitled to request custom-generated reports from Defendants or third parties as reflected in Doc. No. 50-2. The memorandum of law shall be limited to 10 pages. Defendants may file a response by **October 29, 2026**. The response shall be limited to 10 pages. No replies are allowed.

11. The Court will hold a telephonic case management conference on **November 5, 2026, at 2:00 p.m. central**. The Court's dial-in number is 855-244-8681, access code 23021141079#

12. For the reasons discussed on the record, the parties' Stipulation on ESI Protocol (Doc. No. 54) is unacceptable. The Clerk's Office is **DIRECTED** to strike the document. By **October 27, 2026**, the parties must revise the protocol and file either file 1) a stipulation of agreed-upon electronic discovery procedures **or** (ii) if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval. The protocol must not conflate the two.

13. All requirements and deadlines set forth in the Initial Case Management Order (Doc. No. 42) not modified herein remain in effect.

It is SO ORDERED.

LYNDA M. HILL
United States Magistrate Judge