**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| **JOHN DOE *et al.*** | ) | |
| | ) | **Case No. 3:26-cv-00289** |
| **v.** | ) | **Judge Crenshaw** |
| | ) | **Magistrate Judge Hill** |
| **UNLOCK HEALTH, INC. *et al.*** | ) | |

# THIRD CASE MANAGEMENT ORDER

The Court conducted a telephonic case management conference on November 5, 2026. Counsel participating in the conference were Gerard Stranch and John Roberts for Plaintiffs and Chris Seusing, Drew Moore, and Alesandra Greco for Defendants. Having reviewed the parties submissions filed as directed by the Second Case Management Order (Doc. No. 59), and considered the parties' discussions during the conference, the Court orders as follows:

1. The parties submitted a Joint Rule 26(f) Discovery Plan: Phase 1 ("Phase 1 Plan") on October 27, 2026, (Doc. No. 65), which is APPROVED. The parties may proceed with Phase 1 Discovery as set forth in the Phase 1 Plan.

2. Footnote 1 of the Phase 1 Plan raises an issue regarding whether Medicom Digital, Inc. d/b/a Medicom Health Interactive and Medicom Health are proper parties to this litigation. Counsel for the parties must meet and confer before the commencement of written discovery on **November 12, 2026**, to discuss whether a motion to amend the complaint or motion for counsel to withdraw their appearance on behalf of the Medicom parties is necessary. Any motion to amend the complaint or motion to withdraw related to Medicom must be filed by **December 17, 2026**.

3. On July 10, 2026, the Defendants filed a Motion for Protective Order relating to the issuance of third-party subpoenas. (Doc. No. 32). The Motion was denied without prejudice before

Plaintiffs were required to respond for the reasons stated in the Court's July 13, 2026 Order. (Doc. No. 34).

4. After considering the parties' positions during the October 1, 2026 discovery conference, subsequent submissions by the parties, and discussions during the November 5, 2026 conference, the Court finds that the parties should have the opportunity to fully brief the issue of whether entry of a protective order relating to the issuance and scope of third-party subpoenas to Defendants customers is appropriate. Accordingly, Defendants may file a renewed motion for protective order by **November 19, 2026**. Plaintiffs' response to the motion must be filed by **December 10, 2026**. Any optional reply must be filed by **December 17, 2026**.

5. To the extent Plaintiffs have issued or served subpoenas on any non-parties, enforcement of those subpoenas remains **STAYED** until the Court rules on the motion for protective order contemplated above. If Defendants do not file a motion for protective order by the November 19, 2026 deadline, the stay will be lifted automatically without further order of the Court. To be clear, during the stay Plaintiffs' may not issue new, revised, or updated subpoenas to any non-parties to whom subpoenas were previously served. Failure to comply with this directive may result in sanctions.

6. Counsel for the parties are directed to continue their good faith efforts to reach data preservation agreements with the third parties to whom subpoenas have been issued.

7. The Court will hold a follow-up, in-person case management conference on **February 4, 2027, at 11:00 a.m. central time** in Courtroom 3D of the Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church St., Nashville, TN 37203.

8. All requirements and deadlines set forth in the Initial Case Management Order (Doc. No. 42) not modified herein remain in effect.

It is SO ORDERED.

LYNDA M. HILL
United States Magistrate Judge