**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

---

JOHN DOE, JANE DOE, and JACK DOE,

Plaintiffs,

v.

UNLOCK HEALTH, INC., MEDICOM DIGITAL, INC. d/b/a MEDICOM HEALTH INTERACTIVE and MEDICOM HEALTH,

Defendants.

Case No. 3:26-cv-00289
Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Lynda M. Hill

---

**DEFENDANTS' RENEWED MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Defendants Unlock Health, Inc., Medicom Digital, Inc. d/b/a Medicom Health Interactive, and Medicom Health (collectively, "Defendants" or "Unlock Health"), pursuant to Federal Rules of Civil Procedure 26(c) and 45, Local Rules 7.01 and 37.01, and Paragraph 4 of the Court's Third Case Management Order (ECF No. 73), respectfully move for entry of a protective order barring service and enforcement of the subpoenas Plaintiffs directed to twenty-one of Unlock Health's current or former non-party healthcare clients. In support, Defendants state as follows:

1. On July 10, 2026, Defendants moved for a protective order relating to Plaintiffs' third-party subpoenas (ECF No. 32). The Court denied that motion without prejudice before Plaintiffs were required to respond. ECF No. 73 ¶ 3.

2. In its Third Case Management Order, the Court found the Parties should have the opportunity to fully brief whether a protective order relating to the issuance and scope of third-party subpoenas to Defendants' customers is appropriate, and permitted Defendants to file a renewed motion by November 19, 2026, with Plaintiffs' response due December 10, 2026, and any optional reply due December 17, 2026. ECF No. 73 ¶ 4. Enforcement of any subpoenas served on

non-parties remains stayed until the Court rules on this Motion, and Plaintiffs may not issue new, revised, or updated subpoenas to those non-parties during the stay. *Id.* ¶ 5.

3. Good cause exists under Rule 26(c) because the subpoenas would expose confidential client identities and client-specific technical implementations, and they have already caused concrete financial harm. One multi-facility health system, whose facilities account for at least ten of the subpoenaed non-parties, paused its Health Risk Assessments after this action was filed, requested a refund its agreements did not require, and obtained Unlock Health's agreement to forgive $114,000 owed. Second Declaration of Alan Harker ("Second Harker Decl.") ¶¶ 6–12; *see also* Second Declaration of Courtney Maul ("Second Maul Decl.") ¶¶ 10–13.

4. The subpoenas are also improper and disproportionate because they seek de-identified analytics data that is not protected health information; seek absent class members' information before any class has been certified and while Defendants' Article III standing challenge remains pending; and would require non-parties to create custom reports that do not exist. The information Plaintiffs need is available through Phase 1 party discovery, including the records of the named Plaintiffs' own HRA sessions that Plaintiffs have already requested from Defendants.

5. The grounds for this Motion are set forth fully in the accompanying Memorandum of Law, the Second Maul Declaration, the Second Harker Declaration, the Declaration of Courtney Maul (ECF No. 32-1), and the Declaration of Alan Harker (ECF Nos. 68-1 and 69-1), and in Defendants' responses to Plaintiffs' memoranda of law (ECF Nos. 68 and 69), each of which is incorporated by reference.

6. **Local Rule 7.01(a)(1) and 37.01 Statement.** Counsel for Defendants conferred with counsel for Plaintiffs regarding the relief requested in this Motion on November 12, 2026 via

email, including during the parties' prior meet-and-confer efforts and the discovery conferences before the Court on October 1, 2026 and November 5, 2026. Plaintiffs oppose the relief requested. The parties' Joint Discovery Dispute Statement regarding the subpoenas (ECF No. 50-1) is attached pursuant to Local Rule 37.01(b).

WHEREFORE, Defendants respectfully request that the Court grant this Motion and enter the proposed Order submitted herewith, (a) barring service and enforcement of the subpoenas directed to Unlock Health's non-party clients; or, in the alternative, (b) ordering that any future non-party discovery not proceed until party discovery is complete, and then proceed only with anonymization of client identities, redaction of client-identifying information, Attorneys' Eyes Only treatment, and targeted sampling across a defined time frame; and (c) granting such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: Knoxville, Tennessee
November 19, 2026

**WOOD, SMITH, HENNING & BERMAN, LLP**

By: *<u>/s/ Christopher J. Seusing</u>*
Christopher J. Seusing, Esq. (Admitted Pro Hac Vice)
William J. Roe, Esq.
Drew T. Moore, Esq. (Admitted Pro Hac Vice)
Alesandra Greco, Esq. (Admitted Pro Hac Vice)
800 S. Gay Street, Ste. 700
Knoxville, TN 37929
Tel.: 865-267-8050
Fax.: 865-267-8051
cseusing@wshblaw.com
wroe@wshblaw.com
dmoore@wsbhlaw.com
agreco@wshblaw.com

*Counsel for Defendants Unlock Health, Inc. Medicom Digital, Inc. d/b/a Medicom Health Interactive And Medicom Health*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2026, a copy of DEFENDANTS' RENEWED MOTION FOR ENTRY OF A PROTECTIVE ORDER, together with the supporting Memorandum of Law, the Second Declaration of Courtney Maul, the Second Declaration of Alan Harker, and the Proposed Order, was filed through the Court’s CM/ECF system, which will send notification to all counsel of record registered to receive electronic service.

/s/ *Christopher J. Seusing*
Christopher J. Seusing, Esq.