**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

JOHN DOE, JANE DOE, and JACK DOE,

Plaintiffs,

v.

UNLOCK HEALTH, INC., MEDICOM DIGITAL, INC. d/b/a MEDICOM HEALTH INTERACTIVE and MEDICOM HEALTH,

Defendants.

Case No. 3:26-cv-00289
Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Lynda M. Hill

**[PROPOSED] ORDER GRANTING DEFENDANTS' RENEWED MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Pending before the Court is Defendants' Renewed Motion for Entry of a Protective Order ("Motion"), filed pursuant to Federal Rule of Civil Procedure 26(c) and Paragraph 4 of the Court's Third Case Management Order (ECF No. 73). Pursuant to that Order, Plaintiffs' response to this Motion must be filed by December 10, 2026 and any optional reply must be filed by December 17, 2026.

Having considered the Motion, the supporting Memorandum of Law and declarations, the parties' briefing, and the record, the Court finds that Defendants have shown good cause under Rule 26(c)(1) for the relief ordered below, including the protection of confidential commercial information concerning the identities of Defendants' non-party clients and their technical implementations, and the avoidance of undue burden and expense on those non-parties. Accordingly, the Motion is GRANTED, and it is ORDERED that:

1. The subpoenas Plaintiffs issued or served on Defendants' twenty-one current or former non-party healthcare clients shall not be served or enforced, and no non-party is required to respond to them.

2. Plaintiffs shall not issue new, revised, or updated subpoenas to Defendants' non-party clients without first obtaining leave of Court upon a particularized showing of need after the completion of party discovery.

3. If the Court later grants leave for any non-party discovery, such discovery shall proceed only on the following conditions, unless the Court orders otherwise: (a) each client shall be identified by a neutral designation, and client names, domains, account identifiers, locations, and other client-identifying information shall be redacted; (b) all such information shall be designated and maintained for Attorneys' Eyes Only under the parties' protective order; and (c) any data production shall be limited to a targeted sample across a defined time frame approved by the Court.

4. Nothing in this Order relieves any party of its preservation obligations. Counsel shall continue their good faith efforts to reach data preservation agreements with the third parties to whom subpoenas have been issued.

It is so ORDERED.

____________________________________

LYNDA M. HILL
United States Magistrate Judge